UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VRITA MARINE CO LTD,

                            Plaintiff,                08 CV

-v-

                                             **VERIFIED COMPLAINT**

SEAGULF TRADING LLC, AL AQILI GROUP, AL
AQILI TRADING, AL AQILI DISTRIBUTION, GULF
CENTRE FOR SOAP AND CHEMICAL INDUSTRIES
LLC, KOOHIJI GROUP, GULF HORIZON INTERNATIONAL
TRADING L.L.C., AL AQILI FURNISHINGS, and AL AQILI
FUTURE TECHNOLOGIES LLC.

                            Defendants.
------------------------------------------------------------x

      Plaintiff, VRITA MARINE CO LTD (hereinafter "VRITA MARINE"), by its attorneys, CHALOS & CO, P.C., as and for its Verified Complaint against Defendants SEAGULF TRADING LLC (hereinafter "SEAGULF"), AL AQILI GROUP, AL AQILI TRADING (hereinafter "AQ TRADING"), AL AQILI DISTRIBUTION (hereinafter "AQ DISTRIBUTION"), GULF CENTRE FOR SOAP AND CHEMICAL INDUSTRIES LLC (hereinafter "GULF CENTRE"), KOOHIJI GROUP (hereinafter "KOOHIJI"), GULF HORIZON INTERNATIONAL TRADING L.L.C., (hereinafter "GULF HORIZON") AL AQILI FURNISHINGS (hereinafter "AQ FURNISHINGS"), and AL AQILI FUTURE TECHNOLOGIES LLC (hereinafter "AQ FUTURE TECHNOLOGIES"), alleges upon information and belief as follows:

## JURISDICTION

    1.    The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1331 and 1333.

## THE PARTIES

2. At all times material hereto, Plaintiff, VRITA MARINE, is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with a principal place of business in Nicosia, Cyprus.

3. At all times material hereto, Defendant, SEAGULF was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with a principal place of business in Dubai, United Arab Emirates.

4. At all times material hereto, Defendant, AL AQILI GROUP was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with a principal place of business in Dubai, United Arab Emirates.

5. At all times material hereto, Defendant, AQ TRADING was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with a principal place of business in Dubai, United Arab Emirates.

6. At all times material hereto, Defendant, AQ DISTRIBUTION was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with a principal place of business in Dubai, United Arab Emirates.

7. At all times material hereto, Defendant GULF CENTRE was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with a principal place of business in Dubai, United Arab Emirates.

8. At all times material hereto, Defendant, KOOHIJI was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with a principal place of business in Dubai, United Arab Emirates.

9. At all times material hereto, Defendant, GULF HORIZON was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with a principal place of business in Dubai, United Arab Emirates.

10. At all times material hereto, Defendant, AQ FURNISHINGS was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with a principal place of business in Dubai, United Arab Emirates.

11. At all times material hereto, Defendant, AQ FUTURE TECHNOLOGIES was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with a principal place of business in Dubai, United Arab Emirates.

## FACTS AND CLAIM

12. On or about July 15, 1998, VRITA MARINE, as owners of the VRITA N, entered into a Memorandum of Agreement to sell the vessel to SEAGULF, as buyers, for demolition on the terms and conditions as set forth therein. SEAGULF paid a 10% deposit in the amount of US$73,346.60 into a joint escrow account, which amount was to be released upon delivery of the vessel by the sellers to Chittagong, Bangladesh.

13. The Memorandum of Agreement and contract for the purchase of the VRITA N is a maritime contract.

14. In accordance with the parties' agreement, on or about July 30, 1998, the Plaintiff delivered the VRITA N to the Defendants at Chittagong, Bangladesh. However,

various disputes arose between the parties, and SEAGULF refused to take delivery of the vessel. Consequently, the Plaintiff sold the vessel at a reduced price to other buyers.

15. As a direct result of SEAGULF'S breach of the July 15, 1998 Memorandum of Agreement, VRITA MARINE was caused to suffer damages in an amount then estimated to be not less than US$222,484.08.

16. Despite VRITA MARINE's repeated demands to SEAGULF for payment, and SEAGULF's promises to pay for the purchase of the vessel, SEAGULF, in breach of the terms of the Memorandum of Agreement, failed, neglected and/or otherwise refused to pay the sums properly due and owing to the Plaintiff.

17. Pursuant to the terms of the Memorandum of Agreement, all disputes arising there under were to be submitted to London arbitration with English law to apply. London arbitration provides that the prevailing party is entitled to interest costs and legal fees.

18. On or about August 11, 1999, VRITA MARINE and SEAGULF proceeded to arbitration with this matter and the arbitrator, William Packard of 20 Victory Road, West Mersea, Colchester, Essex CO5 8LX, directed SEAGULF to pay VRITA MARINE a total sum of USD$222,484.08 plus interest to be paid, at a rate of 7.5% per annum compounded quarterly beginning August 1998 until paid in full.

19. Additionally, the arbitrator awarded Plaintiff USD$20,630.93 for costs and fees.

20. Accordingly, VRITA MARINE's total claim against Defendants, for damages resulting from SEAGULF's breach of the Memorandum of Agreement, for legal

4

fees, arbitrator costs and interest is estimated to be USD$511,112.62. Interest is continuing to run.

21. Upon information and belief, at all material times, there existed such unity of ownership and interest between Defendant AL AQILI GROUP and Defendants SEAGULF, AQ TRADING, AQ DISTRIBUTION, GULF CENTRE, KOOHIJI, GULF HORIZON, AQ FURNISHINGS, and AQ FUTURE TECHNOLOGIES, that no separation exists between them and the corporate form of Defendants SEAGULF, AQ TRADING, AQ DISTRIBUTION, GULF CENTRE, KOOHIJI, GULF HORIZON, AQ FURNISHINGS, and AQ FUTURE TECHNOLOGIES has been disregarded such that Defendant AL AQILI GROUP primarily transacted the business of Defendants SEAGULF, AQ TRADING, AQ DISTRIBUTION, GULF CENTRE, KOOHIJI, GULF HORIZON, AQ FURNISHINGS, and AQ FUTURE TECHNOLOGIES.

22. Upon information and belief, at all material times, Defendant AL AQILI GROUP, operated in the name of Defendants SEAGULF, AQ TRADING, AQ DISTRIBUTION, GULF CENTRE, KOOHIJI, GULF HORIZON, AQ FURNISHINGS, and AQ FUTURE TECHNOLOGIES such that Defendant AL AQILI GROUP was the beneficial owner of SEAGULF, AQ TRADING, AQ DISTRIBUTION, GULF CENTRE, KOOHIJI, GULF HORIZON, AQ FURNISHINGS, and AQ FUTURE TECHNOLOGIES.

23. Upon information and belief, SEAGULF, AQ TRADING, AQ DISTRIBUTION, GULF CENTRE, KOOHIJI, GULF HORIZON, AQ FURNISHINGS, and AQ FUTURE TECHNOLOGIES hold themselves out as subsidiaries within the "AL AQILI GROUP" network.

24. Upon information and belief, AL AQILI GROUP, SEAGULF, AQ TRADING, AQ DISTRIBUTION, GULF CENTRE, KOOHIJI, GULF HORIZON, AQ FURNISHINGS, and AQ FUTURE TECHNOLOGIES are each one of several entities which is operated, controlled and managed as a single economic enterprise known as "AL AQILI GROUP."

25. Upon information and belief, among the entities which comprise the "AL AQILI GROUP" network, including SEAGULF, AQ TRADING, AQ DISTRIBUTION, GULF CENTRE, KOOHIJI, GULF HORIZON, AQ FURNISHINGS, and AQ FUTURE TECHNOLOGIES, there is a commonality of control and management centered with AL AQILI GROUP and an overlap of officers, directors and employees.

26. Upon information and belief, at all material times, Defendants AL AQILI GROUP, SEAGULF, AQ TRADING, AQ DISTRIBUTION, GULF CENTRE, KOOHIJI, GULF HORIZON, AQ FURNISHINGS, and AQ FUTURE TECHNOLOGIES, have overlapping ownership, management, personnel and purposes such that said Defendants do not operate at arms length.

27. Upon information and belief, at all material times, Defendants have had common addresses, common contact information such that the Defendants have no independent corporate identity.

28. Upon information and belief, at all material times, there has been an intermingling of funds between Defendants.

29. Upon information and belief, at all material times, Defendant AL AQILI GROUP has dominated, controlled and used Defendants SEAGULF, AQ TRADING, AQ DISTRIBUTION, GULF CENTRE, KOOHIJI, GULF HORIZON, AQ FURNISHINGS,

6

and AQ FUTURE TECHNOLOGIES for its own purposes such that there is no meaningful difference between the entities.

30. Upon information and belief, at all material times, Defendant AL AQILI GROUP has disregarded the corporate form of Defendants SEAGULF, AQ TRADING, AQ DISTRIBUTION, GULF CENTRE, KOOHIJI, GULF HORIZON, AQ FURNISHINGS, and AQ FUTURE TECHNOLOGIES to the extent that Defendant AL AQILI GROUP, was actually carrying on SEAGULF, AQ TRADING, AQ DISTRIBUTION, GULF CENTRE, KOOHIJI, GULF HORIZON, AQ FURNISHINGS, and AQ FUTURE TECHNOLOGIES' business and operations as if the same were its own, or vice versa.

31. Upon information and belief, Defendant AL AQILI GROUP utilizes the Defendants SEAGULF, AQ TRADING, AQ DISTRIBUTION, GULF CENTRE, KOOHIJI, GULF HORIZON, AQ FURNISHINGS, and AQ FUTURE TECHNOLOGIES, to transfer funds through, to and from the Southern District of New York on its behalf.

32. Upon information and belief, there are reasonable grounds to conclude that the Defendants SEAGULF, AQ TRADING, AQ DISTRIBUTION, GULF CENTRE, KOOHIJI, GULF HORIZON, AQ FURNISHINGS, and AQ FUTURE TECHNOLOGIES are the alter-egos of Defendant AL AQILI GROUP and, therefore, Plaintiff VRITA MARINE has a valid prima facie *in personam* claim against Defendants SEAGULF, AQ TRADING, AQ DISTRIBUTION, GULF CENTRE, KOOHIJI, GULF HORIZON, AQ FURNISHINGS, and AQ FUTURE TECHNOLOGIES based upon alter ego liability.

## BASIS FOR ATTACHMENT

33. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendants within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

34. Plaintiff believes that some of these assets, to wit: bank accounts; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to Defendants, SEAGULF TRADING LLC, AL AQILI GROUP, AL AQILI TRADING, AL AQILI DISTRIBUTION, GULF CENTRE FOR SOAP AND CHEMICAL INDUSTRIES LLC, KOOHIJI GROUP, GULF HORIZON INTERNATIONAL TRADING L.L.C., AL AQILI FURNISHINGS, and AL AQILI FUTURE TECHNOLOGIES LLC, and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Chase Manhattan Bank, Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JP Morgan Chase Bank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A.     That process in due form of law issue against the Defendant, citing it to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B.     That since the Defendants cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of the Defendant, up to the amount of USD$511,112.62 to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

C.     That judgment may be entered in favor of Plaintiff on its First Cause of Action (Breach of Contract);

D.     That judgment may be entered in favor of Plaintiff on its Second Cause of Action (Account Stated);

E.     That judgment may be entered in favor of Plaintiff on its Third Cause of Action (Unjust Enrichment / Quantum Meruit); and

F.     That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Oyster Bay, New York
       June 20, 2008

                                              CHALOS & CO, P.C.
                                              Attorneys for Plaintiff
                                              VRITA MARINE CO LTD

By: _____
                                              George M. Chalos (GC-8693)
                                              123 South Street
                                              Oyster Bay, New York 11771
                                              Tel: (516) 714-4300
                                              Fax: (866) 702-4577
                                              Email: gmc@chaloslaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VRITA MARINE CO LTD,

                                  Plaintiff,                          08 CV

-v-

                                                                **VERIFICATION OF**
                                                                  **COMPLAINT**

SEAGULF TRADING LLC, AL AQILI GROUP, AL
AQILI TRADING, AL AQILI DISTRIBUTION, GULF
CENTRE FOR SOAP AND CHEMICAL INDUSTRIES
LLC, KOOHIJI GROUP, GULF HORIZON INTERNATIONAL
TRADING L.L.C., AL AQILI FURNISHINGS, and AL AQILI
FUTURE TECHNOLOGIES LLC.

                                  Defendants.
------------------------------------------------------------x

      Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

      1.     I am a Member of the law firm of CHALOS & CO, P.C., counsel for the Plaintiff, VRITA MARINE CO LTD, herein;

      2.     I have read the foregoing Verified Complaint and know the contents thereof; and

      3.     I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

      4.     The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

      I declare under penalty of perjury that the foregoing is true and correct.

Dated: Oyster Bay, New York
      June 20, 2008

                                CHALOS & CO, P.C.
                                Attorneys for Plaintiff
                                VRITA MARINE CO LTD

By: _____
            George M. Chalos (GC-8693)
            123 South Street
            Oyster Bay, New York 11771
            Tel: (516) 714-4300
            Fax: (866) 702-4577
            Email: gmc@chaloslaw.com