UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VRITA MARINE CO LTD,

                        Plaintiff,           08 CV

-v-

                               **ORDER FOR ISSUANCE
                               OF PROCESS OF MARITIME
                               ATTACHMENT AND
                               GARNISHMENT**

SEAGULF TRADING LLC, AL AQILI GROUP, AL
AQILI TRADING, AL AQILI DISTRIBUTION, GULF
CENTRE FOR SOAP AND CHEMICAL INDUSTRIES
LLC, KOOHIJI GROUP, GULF HORIZON INTERNATIONAL
TRADING L.L.C., AL AQILI FURNISHINGS, and AL AQILI
FUTURE TECHNOLOGIES LLC,

                        Defendants.
------------------------------------------------------------x

      Upon reading the Verified Complaint for issuance of Process of Maritime Attachment and Garnishment, and the Declaration of George M. Chalos, Esq., attached thereto, and the Court finding that the conditions for issuance of a Process of Maritime Attachment and Garnishment in accordance with Supplemental Admiralty Rule B of the Federal Rules of Civil Procedure appear to exist, it is this 23rd day of June, 2008, by the United States District Court for the Southern District of New York,

      **NOW,** upon application of *Chalos & Co, P.C.*, attorneys for the Plaintiff, it is hereby,

      **ORDERED,** that the Clerk of this Court shall issue Process of Maritime Attachment and garnishment as prayed for in the Verified Complaint against all property, tangible or intangible, including funds, assets, cash, goods, chattels, credits, effects, debts owned by or owed to defendants or monies to be paid to discharge a debt owed to the defendants, debts to be paid to the defendants under letters of credit, and/or monies to be paid to discharge a debt owed from the defendants,

including monies being electronically transferred by or to defendants and including, but not limited to any such assets as may be in the possession or control of, or being transferred through any garnishee within this District, including, without limitation, property held by or in the possession or control of the following garnishee(s): ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS, or any of their affiliates and any other garnishee(s) within this district upon whom a copy of the Process of Maritime Attachment and Garnishment herein may be served, in an amount, up to USD$511,112.62, as per Supplemental Rule E (5), plus interest and costs; and it is further,

**ORDERED,** that any person claiming an interest in the property attached or garnished pursuant to said Order shall, upon application to the Court, be entitled to a prompt hearing at which the plaintiff shall be required to show why the attachment and garnishment should not be vacated or other relief granted; and it is further,

**ORDERED,** that a copy of this Order be attached to and served with the said Process of Maritime Attachment and Garnishment; and it is further,

**ORDERED,** that pursuant to Fed. R. Civ. P., Supplemental Rules for Certain Admiralty and Maritime Claims, Rule B(1)(d)(ii)(C), the Writ of Attachment may be served by any person, who is not less than 18 years old, and who is not a party to this action; and it is further

**ORDERED,** that additional supplemental Process enforcing the Court's Order as against additional garnishee(s) who may be discovered in the course of this litigation to be holding property

of the defendants within this District may be issued by the Clerk upon application without further order of the Court; and it is further,

**ORDERED,** that service of the Process of Maritime Attachment and Garnishment on any garnishee(s) (i.e. any original garnishee named herein or any other garnishee later discovered) is deemed to be effective and continuous service throughout the remainder of the day upon which such service is made commencing from the time of such service through the opening of the garnishee's business the next business day, and it is further

**ORDERED,** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D), that following initial service upon any garnishee by the United States Marshal or any other person designated by Order to make service in this action, supplemental service of the Process of Maritime Attachment and Garnishment shall thereafter be made by way of service of a copy of the Process of Maritime Attachment and Garnishment and, additionally, shall be made via facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee so personally served.

Dated: New York, New York
      June 23, 2008

SO ORDERED:

_____
U.S. D. J.