UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VRITA MARINE CO LTD.

                              Plaintiff,

        -against-

SEAGULF TRADING LLC, AL AQILI
GROUP, AL AQILI TRADING, AL AQILI
DISTRIBUTION, GULF CENTRE FOR
SOAP AND CHEMICAL INDUSTRIES LLC,
KOOHIJI GROUP, GULF HORIZON
INTERNATIONAL TRADING LLC, AL
AQILI FURNISHINGS, and AL AQILI
FUTURE TECHNOLOGIES LLC.

                              Defendants

ECF CASE

08 Civ. 5614 (JSR)

**ATTORNEY'S AFFIDAVIT IN
SUPPORT OF MOTION TO VACATE OR
MODIFY MARITIME ATTACHMENT**

STATE OF NEW JERSEY)
                              ) ss:
COUNTY OF BERGEN      )

RAHUL WANCHOO, being duly sworn, deposes and says:

1.      I am a member of the Bar of the State of New York, and I am admitted to practice

before this Honorable Court.

2.      I am a principal in the firm of Law Offices of Rahul Wanchoo, attorneys for

Defendants, Al Aqili Group of Companies, LLC, Al Aqili Trading, Al Aqili Distribution,

Gulf Centre for Soap and Chemical Industries, Koohiji Group, Gulf Horizon International

Trading LLC, Al Aqili Furnishings and Al Aqili Future Technologies LLC ("Al Aqili"). I

am fully familiar with the matters set forth in this affidavit, and my knowledge of the

matters set forth in this affidavit is based on information provided to me by Al Aqili, its

agents and attorneys and my own independent research.

3.    I submit this affidavit in support of Al Aqili's motion to dismiss the Verified

Complaint filed by the Plaintiff, Vrita Marine Co. Ltd. ("Plaintiff") and vacate or modify

the Court's ex parte Order for Issuance of Process of Maritime Attachment and

Garnishment dated June 20, 2008 ("Attachment Order").

4.    On June 20, 2008 Plaintiff filed a Verified Complaint in the Southern District of

New York to secure and satisfy its claim that Defendant, Seagulf Trading LLC

("Seagulf") allegedly breached the Memorandum of Agreement and contract for the

purchase of the vessel, VRITA N in the amount of $222,484.08, plus estimated legal fees,

arbitrator costs and interest of $288,628.54, for a total of $511,112.62. The Verified

Complaint also asserts on "information and belief" that, inter alia, Al Aqili "dominated,

controlled and used" Seagulf and disregarded its corporate form and that the latter is the

alter ego of the former. On the same day the Court issued the Attachment Order to attach

Seagulf's and Al Aqili's property including EFTs in an amount of up to $511,112.62.

Copies of the Verified Complaint and the Attachment Order are annexed as **Exhibits 1**

**and 2**, respectively to this affidavit.

5.    On or about June 30, 2008, Plaintiff restrained $187,964.31 of Al Aqili's electronic

funds transfers ("EFTs") passing through JP Morgan Chase, Deutsche Bank and the Bank of

New York Mellon, New York pursuant to the Attachment Order. A copy of Plaintiff's

Local Admiralty Rule B.2 notice of attachment is annexed as **Exhibit** 3 to this affidavit.

6.    To date, Plaintiff has restrained about $510,000 of Al Aqili's funds at various New

York banks. As itemized below, out of the about $510,000 of EFT's presently restrained as

a result of the Attachment Order, $233,702.80 are inward remittances to Al Aqili as the

beneficiary of these funds.

2

| Originator | Beneficiary | Amount Restrained |
|---|---|---|
| United International Co. | Al Aqili Distribution | $31,516.00 |
| United International Co. | Al Aqili Distribution | $42,406.00 |
| Kao Corporation | Gulf Centre for Soaps | $159,780.80 |
| | | $233,702.80 |

*Rahul Wanchoo*

RAHUL WANCHOO

Sworn to before me this
17th day of July, 2008

*Masha Eleiman*

Notary Public

**Masha Eleiman
Notary Public
State of New Jersey
My Comm. Expires Nov. 15, 2011**

3

# EXHIBIT 1

JUDGE RAKOFF

# 08 CV 5614

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

VRITA MARINE CO LTD,

                           Plaintiff,                           08 CV

      -v-

SEAGULF TRADING LLC, AL AQILI GROUP, AL
AQILI TRADING, AL AQILI DISTRIBUTION, GULF
CENTRE FOR SOAP AND CHEMICAL INDUSTRIES
LLC, KOOHIJI GROUP, GULF HORIZON INTERNATIONAL
TRADING L.L.C., AL AQILI FURNISHINGS, and AL AQILI
FUTURE TECHNOLOGIES LLC.

                           Defendants.

------------------------------------------------------------x

VERIFIED COMPLAINT

JUN 20 2008

U.S.D.C. S.D. N.Y.
CASHIERS

        Plaintiff, VRITA MARINE CO LTD (hereinafter "VRITA MARINE"), by its

attorneys, CHALOS & CO, P.C., as and for its Verified Complaint against Defendants

SEAGULF TRADING LLC (hereinafter "SEAGULF"), AL AQILI GROUP, AL AQILI

TRADING (hereinafter "AQ TRADING"), AL AQILI DISTRIBUTION (hereinafter

"AQ DISTRIBUTION"), GULF CENTRE FOR SOAP AND CHEMICAL

INDUSTRIES LLC (hereinafter "GULF CENTRE"), KOOHIJI GROUP (hereinafter

"KOOHIJI"), GULF HORIZON INTERNATIONAL TRADING L.L.C., (hereinafter

"GULF HORIZON") AL AQILI FURNISHINGS (hereinafter "AQ FURNISHINGS"),

and AL AQILI FUTURE TECHNOLOGIES LLC (hereinafter "AQ FUTURE

TECHNOLOGIES"), alleges upon information and belief as follows:

## JURISDICTION

1.      The Court has subject matter jurisdiction by virtue that the underlying

claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1331 and 1333.

## THE PARTIES

2.      At all times material hereto, Plaintiff, VRITA MARINE, is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with a principal place of business in Nicosia, Cyprus.

3.      At all times material hereto, Defendant, SEAGULF was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with a principal place of business in Dubai, United Arab Emirates.

4.      At all times material hereto, Defendant, AL AQILI GROUP was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with a principal place of business in Dubai, United Arab Emirates.

5.      At all times material hereto, Defendant, AQ TRADING was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with a principal place of business in Dubai, United Arab Emirates.

6.      At all times material hereto, Defendant, AQ DISTRIBUTION was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with a principal place of business in Dubai, United Arab Emirates.

7.      At all times material hereto, Defendant GULF CENTRE was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with a principal place of business in Dubai, United Arab Emirates.

8.      At all times material hereto, Defendant, KOOHIJI was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with a principal place of business in Dubai, United Arab Emirates.

9.      At all times material hereto, Defendant, GULF HORIZON was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with a principal place of business in Dubai, United Arab Emirates.

10.     At all times material hereto, Defendant, AQ FURNISHINGS was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with a principal place of business in Dubai, United Arab Emirates.

11.     At all times material hereto, Defendant, AQ FUTURE TECHNOLOGIES was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with a principal place of business in Dubai, United Arab Emirates.

## FACTS AND CLAIM

12.     On or about July 15, 1998, VRITA MARINE, as owners of the VRITA N, entered into a Memorandum of Agreement to sell the vessel to SEAGULF, as buyers, for demolition on the terms and conditions as set forth therein.  SEAGULF paid a 10% deposit in the amount of US$73,346.60 into a joint escrow account, which amount was to be released upon delivery of the vessel by the sellers to Chittagong, Bangladesh.

13.     The Memorandum of Agreement and contract for the purchase of the VRITA N is a maritime contract.

14.     In accordance with the parties' agreement, on or about July 30, 1998, the Plaintiff delivered the VRITA N to the Defendants at Chittagong, Bangladesh.  However,

3

various disputes arose between the parties, and SEAGULF refused to take delivery of the vessel. Consequently, the Plaintiff sold the vessel at a reduced price to other buyers.

15.    As a direct result of SEAGULF'S breach of the July 15, 1998 Memorandum of Agreement, VRITA MARINE was caused to suffer damages in an amount then estimated to be not less than US$222,484.08.

16.    Despite VRITA MARINE's repeated demands to SEAGULF for payment, and SEAGULF's promises to pay for the purchase of the vessel, SEAGULF, in breach of the terms of the Memorandum of Agreement, failed, neglected and/or otherwise refused to pay the sums properly due and owing to the Plaintiff.

17.    Pursuant to the terms of the Memorandum of Agreement, all disputes arising there under were to be submitted to London arbitration with English law to apply. London arbitration provides that the prevailing party is entitled to interest costs and legal fees.

18.    On or about August 11, 1999, VRITA MARINE and SEAGULF proceeded to arbitration with this matter and the arbitrator, William Packard of 20 Victory Road, West Mersea, Colchester, Essex CO5 8LX, directed SEAGULF to pay VRITA MARINE a total sum of USD$222,484.08 plus interest to be paid, at a rate of 7.5% per annum compounded quarterly beginning August 1998 until paid in full.

19.    Additionally, the arbitrator awarded Plaintiff USD$20,630.93 for costs and fees.

20.    Accordingly, VRITA MARINE's total claim against Defendants, for damages resulting from SEAGULF's breach of the Memorandum of Agreement, for legal

4

fees, arbitrator costs and interest is estimated to be USD$511,112.62. Interest is continuing to run.

21.    Upon information and belief, at all material times, there existed such unity of ownership and interest between Defendant AL AQILI GROUP and Defendants SEAGULF, AQ TRADING, AQ DISTRIBUTION, GULF CENTRE, KOOHIJI, GULF HORIZON, AQ FURNISHINGS, and AQ FUTURE TECHNOLOGIES, that no separation exists between them and the corporate form of Defendants SEAGULF, AQ TRADING, AQ DISTRIBUTION, GULF CENTRE, KOOHIJI, GULF HORIZON, AQ FURNISHINGS, and AQ FUTURE TECHNOLOGIES has been disregarded such that Defendant AL AQILI GROUP primarily transacted the business of Defendants SEAGULF, AQ TRADING, AQ DISTRIBUTION, GULF CENTRE, KOOHIJI, GULF HORIZON, AQ FURNISHINGS, and AQ FUTURE TECHNOLOGIES.

22.    Upon information and belief, at all material times, Defendant AL AQILI GROUP, operated in the name of Defendants SEAGULF, AQ TRADING, AQ DISTRIBUTION, GULF CENTRE, KOOHIJI, GULF HORIZON, AQ FURNISHINGS, and AQ FUTURE TECHNOLOGIES such that Defendant AL AQILI GROUP was the beneficial owner of SEAGULF, AQ TRADING, AQ DISTRIBUTION, GULF CENTRE, KOOHIJI, GULF HORIZON, AQ FURNISHINGS, and AQ FUTURE TECHNOLOGIES.

23.    Upon information and belief, SEAGULF, AQ TRADING, AQ DISTRIBUTION, GULF CENTRE, KOOHIJI, GULF HORIZON, AQ FURNISHINGS, and AQ FUTURE TECHNOLOGIES hold themselves out as subsidiaries within the "AL AQILI GROUP" network.

24.    Upon information and belief, AL AQILI GROUP, SEAGULF, AQ TRADING, AQ DISTRIBUTION, GULF CENTRE, KOOHIJI, GULF HORIZON, AQ FURNISHINGS, and AQ FUTURE TECHNOLOGIES are each one of several entities which is operated, controlled and managed as a single economic enterprise known as "AL AQILI GROUP."

25.    Upon information and belief, among the entities which comprise the "AL AQILI GROUP" network, including SEAGULF, AQ TRADING, AQ DISTRIBUTION, GULF CENTRE, KOOHIJI, GULF HORIZON, AQ FURNISHINGS, and AQ FUTURE TECHNOLOGIES, there is a commonality of control and management centered with AL AQILI GROUP and an overlap of officers, directors and employees.

26.    Upon information and belief, at all material times, Defendants AL AQILI GROUP, SEAGULF, AQ TRADING, AQ DISTRIBUTION, GULF CENTRE, KOOHIJI, GULF HORIZON, AQ FURNISHINGS, and AQ FUTURE TECHNOLOGIES, have overlapping ownership, management, personnel and purposes such that said Defendants do not operate at arms length.

27.    Upon information and belief, at all material times, Defendants have had common addresses, common contact information such that the Defendants have no independent corporate identity.

28.    Upon information and belief, at all material times, there has been an intermingling of funds between Defendants.

29.    Upon information and belief, at all material times, Defendant AL AQILI GROUP has dominated, controlled and used Defendants SEAGULF, AQ TRADING, AQ DISTRIBUTION, GULF CENTRE, KOOHIJI, GULF HORIZON, AQ FURNISHINGS,

6

and AQ FUTURE TECHNOLOGIES for its own purposes such that there is no meaningful difference between the entities.

30.    Upon information and belief, at all material times, Defendant AL AQILI GROUP has disregarded the corporate form of Defendants SEAGULF, AQ TRADING, AQ DISTRIBUTION, GULF CENTRE, KOOHIJI, GULF HORIZON, AQ FURNISHINGS, and AQ FUTURE TECHNOLOGIES to the extent that Defendant AL AQILI GROUP, was actually carrying on SEAGULF, AQ TRADING, AQ DISTRIBUTION, GULF CENTRE, KOOHIJI, GULF HORIZON, AQ FURNISHINGS, and AQ FUTURE TECHNOLOGIES' business and operations as if the same were its own, or vice versa.

31.    Upon information and belief, Defendant AL AQILI GROUP utilizes the Defendants SEAGULF, AQ TRADING, AQ DISTRIBUTION, GULF CENTRE, KOOHIJI, GULF HORIZON, AQ FURNISHINGS, and AQ FUTURE TECHNOLOGIES, to transfer funds through, to and from the Southern District of New York on its behalf.

32.    Upon information and belief, there are reasonable grounds to conclude that the Defendants SEAGULF, AQ TRADING, AQ DISTRIBUTION, GULF CENTRE, KOOHIJI, GULF HORIZON, AQ FURNISHINGS, and AQ FUTURE TECHNOLOGIES are the alter-egos of Defendant AL AQILI GROUP and, therefore, Plaintiff VRITA MARINE has a valid prima facie *in personam* claim against Defendants SEAGULF, AQ TRADING, AQ DISTRIBUTION, GULF CENTRE, KOOHIJI, GULF HORIZON, AQ FURNISHINGS, and AQ FUTURE TECHNOLOGIES based upon alter ego liability.

## BASIS FOR ATTACHMENT

33.    Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendants within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

34.    Plaintiff believes that some of these assets, to wit:  bank accounts; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to Defendants, SEAGULF TRADING LLC, AL AQILI GROUP, AL AQILI TRADING, AL AQILI DISTRIBUTION, GULF CENTRE FOR SOAP AND CHEMICAL INDUSTRIES LLC, KOOHIJI GROUP, GULF HORIZON INTERNATIONAL TRADING L.L.C., AL AQILI FURNISHINGS, and AL AQILI FUTURE TECHNOLOGIES LLC, and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Chase Manhattan Bank, Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JP Morgan Chase Bank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

8

WHEREFORE, Plaintiff prays:

A.     That process in due form of law issue against the Defendant, citing it to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B.     That since the Defendants cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of the Defendant, up to the amount of USD$511,112.62 to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

C.     That judgment may be entered in favor of Plaintiff on its First Cause of Action (Breach of Contract);

D.     That judgment may be entered in favor of Plaintiff on its Second Cause of Action (Account Stated);

E.     That judgment may be entered in favor of Plaintiff on its Third Cause of Action (Unjust Enrichment / Quantum Meruit); and

F.     That Plaintiff may have such other, further and different relief as may be just and proper.

9

Dated: Oyster Bay, New York
       June 20, 2008

                                   CHALOS & CO, P.C.
                                   Attorneys for Plaintiff
                                   VRITA MARINE CO LTD

                          By:     _____
                                   George M. Chalos (GC-8693)
                                   123 South Street
                                   Oyster Bay, New York 11771
                                   Tel: (516) 714-4300
                                   Fax: (866) 702-4577
                                   Email: gmc@chaloslaw.com

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

VRITA MARINE CO LTD,

                                          Plaintiff,                          08 CV

-v-
                                                                    VERIFICATION OF
                                                                    COMPLAINT

SEAGULF TRADING LLC, AL AQILI GROUP, AL
AQILI TRADING, AL AQILI DISTRIBUTION, GULF
CENTRE FOR SOAP AND CHEMICAL INDUSTRIES
LLC, KOOHIJI GROUP, GULF HORIZON INTERNATIONAL
TRADING L.L.C., AL AQILI FURNISHINGS, and AL AQILI
FUTURE TECHNOLOGIES LLC.

                                          Defendants.

-----------------------------------------------------------x

        Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of

perjury:

        1.      I am a Member of the law firm of CHALOS & CO, P.C., counsel for the Plaintiff,

VRITA MARINE CO LTD, herein;

        2.      I have read the foregoing Verified Complaint and know the contents thereof; and

        3.      I believe the matters to be true based on documents and information obtained

from employees and representatives of the Plaintiff through its agents, underwriters and

attorneys.

        4.      The reason that this verification was made by deponent and not by the Plaintiff is

because Plaintiff is a foreign corporation, whose officers are not in this district, and whose

verification cannot be obtained within the time constraints presented by the circumstances of this

case.

        I declare under penalty of perjury that the foregoing is true and correct.

Dated: Oyster Bay, New York
       June 20, 2008

                                   CHALOS & CO, P.C.
                                   Attorneys for Plaintiff
                                   VRITA MARINE CO LTD

                         By:       _____
                                   George M. Chalos (GC-8693)
                                   123 South Street
                                   Oyster Bay, New York 11771
                                   Tel: (516) 714-4300
                                   Fax: (866) 702-4577
                                   Email: gmc@chaloslaw.com

2

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
VRITA MARINE CO LTD,

                           Plaintiff,              08 CV

-v-

                                     **ORDER FOR ISSUANCE**
                                     **OF PROCESS OF MARITIME**
                                     **ATTACHMENT AND**
                                     **GARNISHMENT**

SEAGULF TRADING LLC, AL AQILI GROUP, AL
AQILI TRADING, AL AQILI DISTRIBUTION, GULF
CENTRE FOR SOAP AND CHEMICAL INDUSTRIES
LLC, KOOHIJI GROUP, GULF HORIZON INTERNATIONAL
TRADING L.L.C., AL AQILI FURNISHINGS, and AL AQILI
FUTURE TECHNOLOGIES LLC,

                             Defendants.
------------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06 24 08

       Upon reading the Verified Complaint for issuance of Process of Maritime Attachment and

Garnishment, and the Declaration of George M. Chalos, Esq., attached thereto, and the Court

finding that the conditions for issuance of a Process of Maritime Attachment and Garnishment in

accordance with Supplemental Admiralty Rule B of the Federal Rules of Civil Procedure appear to

exist, it is this 23rd day of June, 2008, by the United States District Court for the Southern District

of New York,

       **NOW,** upon application of *Chalos & Co, P.C.*, attorneys for the Plaintiff, it is hereby,

       **ORDERED,** that the Clerk of this Court shall issue Process of Maritime Attachment and

garnishment as prayed for in the Verified Complaint against all property, tangible or intangible,

including funds, assets, cash, goods, chattels, credits, effects, debts owned by or owed to defendants

or monies to be paid to discharge a debt owed to the defendants, debts to be paid to the defendants

under letters of credit, and/or monies to be paid to discharge a debt owed from the defendants,

including monies being electronically transferred by or to defendants and including, but not limited

to any such assets as may be in the possession or control of, or being transferred through any

garnishee within this District, including, without limitation, property held by or in the possession or

control of the following garnishee(s): ABN AMRO BANK, American Express Bank, Bank of

America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's

Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities

(USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe

Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank,

CHIPS, or any of their affiliates and any other garnishee(s) within this district upon whom a copy of

the Process of Maritime Attachment and Garnishment herein may be served, in an amount, up to

USD$511,112.62, as per Supplemental Rule E (5), plus interest and costs; and it is further,

**ORDERED,** that any person claiming an interest in the property attached or garnished

pursuant to said Order shall, upon application to the Court, be entitled to a prompt hearing at which

the plaintiff shall be required to show why the attachment and garnishment should not be vacated or

other relief granted; and it is further,

**ORDERED,** that a copy of this Order be attached to and served with the said Process of

Maritime Attachment and Garnishment; and it is further,

**ORDERED,** that pursuant to Fed. R. Civ. P., Supplemental Rules for Certain Admiralty

and Maritime Claims, Rule B(1)(d)(ii)(C), the Writ of Attachment may be served by any person,

who is not less than 18 years old, and who is not a party to this action; and it is further

**ORDERED,** that additional supplemental Process enforcing the Court's Order as against

additional garnishee(s) who may be discovered in the course of this litigation to be holding property

2

of the defendants within this District may be issued by the Clerk upon application without further order of the Court; and it is further,

**ORDERED,** that service of the Process of Maritime Attachment and Garnishment on any garnishee(s) (i.e. any original garnishee named herein or any other garnishee later discovered) is deemed to be effective and continuous service throughout the remainder of the day upon which such service is made commencing from the time of such service through the opening of the garnishee's business the next business day, and it is further

**ORDERED,** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D), that following initial service upon any garnishee by the United States Marshal or any other person designated by Order to make service in this action, supplemental service of the Process of Maritime Attachment and Garnishment shall thereafter be made by way of service of a copy of the Process of Maritime Attachment and Garnishment and, additionally, shall be made via facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee so personally served.

Dated: New York, New York
        June 23, 2008

SO ORDERED:

U.S. D. J.

3

# EXHIBIT 3

# CHALOS & CO.

**GEORGE M. CHALOS**

gmc@chaloslaw.com

Dir Line: + 1 516 714 3040
Mobile : + 1 516 721 4076

*International Law Firm & Counselors At Law*
123 SOUTH STREET
OYSTER BAY, NEW YORK 11771
Phone: + 1 516 714 4300
Fax: + 1 866 702 4577

www.chaloslaw.com

A PROFESSIONAL
CORPORATION

ASSOCIATED OFFICES:
Piraeus

June 30, 2008

***Via FEDEX***

Al Aqili Group
Seagulf Trading LLC
Al Aqili Trading
Al Aqili Distribution
Gulf Centre for Soap and Chemical Industries LLC
Gulf Horizon International Trading L.L.C.
Al Aqili Future Technologies
Oud Metha Tower, 10th Floor
Oud Metha Road
P.O. Box 1496
Dubai, United Arab Emirates

Koohiji Group
Al Abbass Building
7th Floor, Block D
Bank Street
P.O. Box 51304
Dubai, United Arab Emirates

Al Aqili Furnishings
Pyramid Center
3rd Floor, Office Number 310
Umm Harair Road
P.O. Box 1558
Dubai, United Arab Emirates

Re:     Vrita Marine Co Ltd v. Seagulf Trading LLC et al.
        Southern District of New York 08 Civ. 5614 (JSR)
        Rule B Attachment
        Our File: 2035.001

### *Notice of Lawsuit and Maritime Attachment*

Dear Sir/Madame:

We are New York attorneys who represent VRITA MARINE CO. LTD., in the above referenced matter.

The purpose of this letter is to provide you with Notice of a Lawsuit that has been commenced by VRITA MARINE CO. LTD. (hereinafter "VRITA") against SEAGULF TRADING LLC, AL AQILI GROUP, AL AQILI TRADING, AL AQILI DISTRIBUTION, GULFCENTRE FOR SOAP AND CHEMICAL INDUSTRIES LLC, KOOHIJI GROUP, GULF HORIZON INTERNATIONAL TRADING L.L.C., AL AQILI FURNISHINGS, and AL AQILI FUTURE TECHNOLOGIES LLC. Additionally, the purpose of this letter is to provide you with Notice, in accordance with F.R.C.P. Supplemental Rule B(2), that property belonging to AL AQILI FURNISHINGS, GULF CENTRE FOR SOAP AND CHEMICAL INDUSTRIES L.L.C., and AL AQILI DISTRIBUTION, LLC has been attached to secure the claim asserted by VRITA.

As you may know, on or about July 15, 1998, VRITA, as owners of the VRITA N, entered into a Memorandum of Agreement to sell the vessel to SEAGULF TRADING LLC, as buyers, for demolition on the terms and conditions as set forth therein. SEAGULF TRADING LLC paid a 10% deposit in the amount of US$73,346.60 into a joint escrow account, which amount was to be released upon delivery of the vessel by the sellers to Chittagong, Bangladesh. In accordance with the parties' agreement, on or about July 30, 1998, the Plaintiff delivered the VRITA N to the Defendants at Chittagong, Bangladesh. However, various disputes arose between the parties, and SEAGULF TRADING LLC refused to take delivery of the vessel. Consequently, the Plaintiff sold the vessel at a reduced price to other buyers. As a direct result of SEAGULF TRADING LLC's breach of the July 15, 1998 Memorandum of Agreement, VRITA was caused to suffer damages in an amount then estimated to be not less than US$222,484.08. Despite VRITA's repeated demands to SEAGULF TRADING LLC for payment, and SEAGULF TRADING LLC's promises to pay for the purchase of the vessel, SEAGULF TRADING LLC, in breach of the terms of the Memorandum of Agreement, failed, neglected and/or otherwise refused to pay the sums properly due and owing to the Plaintiff

In furtherance of our client's desire to obtain security for the satisfaction of their claim, we have initiated a lawsuit against SEAGULF TRADING LLC, AL AQILI GROUP, AL AQILI TRADING, AL AQILI DISTRIBUTION, GULFCENTRE FOR SOAP AND CHEMICAL INDUSTRIES LLC, KOOHIJI GROUP, GULF HORIZON INTERNATIONAL TRADING L.L.C., AL AQILI FURNISHINGS, and AL AQILI FUTURE TECHNOLOGIES LLC, in the U.S. District Court for the Southern District of New York. Briefly stated, the lawsuit in New York was initiated to make use of the Supplemental Rules for Admiralty and Maritime Claims, which provides for a Maritime Attachment procedure whereby SEAGULF TRADING LLC, AL AQILI GROUP, AL AQILI TRADING, AL AQILI DISTRIBUTION, GULFCENTRE FOR SOAP AND CHEMICAL INDUSTRIES LLC, KOOHIJI GROUP, GULF HORIZON INTERNATIONAL TRADING L.L.C., AL AQILI FURNISHINGS, and AL AQILI FUTURE TECHNOLOGIES LLC's assets can be attached to obtain security for a claim or to satisfy a judgment that arises out of another legal proceeding.

The purpose of this letter is to provide you with formal Notice of the Lawsuit and Notice of the Attachment as required by Rule B(2) of the Supplemental Rules for Admiralty and Maritime Claims.

Accordingly, **PLEASE TAKE NOTICE** that the lawsuit filed against SEAGULF TRADING LLC, AL AQILI GROUP, AL AQILI TRADING, AL AQILI DISTRIBUTION, GULFCENTRE FOR SOAP AND CHEMICAL INDUSTRIES LLC, KOOHIJI GROUP, GULF HORIZON INTERNATIONAL TRADING L.L.C., AL AQILI FURNISHINGS, and AL AQILI FUTURE TECHNOLOGIES LLC in New York is as follows:

> Vrita Marine Co Ltd v. Seagulf Trading LLC et al.
> Southern District of New York 08 Civ. 5614 (JSR)

Copies of the relevant pleadings that were filed in the case to obtain Process of Maritime Attachment and the Court's Orders are attached herewith for your guidance. The documents enclosed are the following:

1.  Verified Complaint, with Request for Issuance of Maritime Attachment and Garnishment, dated June 20, 2008;

2.  Summons in a Civil Case, dated June 20, 2008;

3.  Order for Issuance of Process of Maritime Attachment, Dated June 20, 2008;

4.  Process of Maritime Attachment, dated June 24, 2008.

**PLEASE TAKE FURTHER NOTICE** that the Process of Maritime Attachment has been executed in that the Process of Maritime Attachment was served on JPMorgan Chase, Deutsche Bank and Bank of New York Mellon in the Southern District of New York. The garnishee-banks have confirmed that they are holding funds belonging to AL AQILI FURNISHINGS, GULF CENTRE FOR SOAP AND CHEMICAL INDUSTRIES L.L.C., and AL AQILI DISTRIBUTION, LLC in accordance with the Process of Maritime Attachment. Specifically, JPMorgan Chase is holding a wire transfer in the total amount of US$84,855.98, Deutsche Bank is holding two wire transfers in the total amount of US$21,257.35 and Bank of New York Mellon is holding a wire transfer in the total amount of US$81,850.98, pending further Order from the Court

As set forth in Supplemental Rule E (4)(f), any person claiming an interest in such property is entitled to a prompt hearing at which the plaintiff shall be required to show why the attachment should not be vacated or other relief granted consistent with the rules. We, however, are of the view that there are no grounds for the attachment to be vacated.

Alternatively, whenever Process of Maritime Attachment and Garnishment is issued, the execution of such process shall be stayed, or the property released, on the giving of security, to be approved by the court or clerk, or by the stipulation of the parties, conditioned to answer the

judgment of the court or any appellate court. The parties may stipulate the amount and nature of such security.

Under the circumstances, if AL AQILI FURNISHINGS, GULF CENTRE FOR SOAP AND CHEMICAL INDUSTRIES L.L.C., and AL AQILI DISTRIBUTION, LLC are interested in providing alternate security so as to release the attachment of its funds being held by the garnishee-banks, JPMorgan Chase, Deutsche Bank and Bank of New York Mellon, then I ask that you have your lawyers contact the undersigned.

Thanking you for your attention to this matter, and looking forward to your soonest reply, I remain,

Sincerely yours,

**CHALOS & CO, P.C.**

George M. Chalos

GMC
Enclosures