UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VRITA MARINE CO LTD.

                 Plaintiff,

-against-

SEAGULF TRADING LLC, AL AQILI
GROUP, AL AQILI TRADING, AL AQILI
DISTRIBUTION, GULF CENTRE FOR
SOAP AND CHEMICAL INDUSTRIES LLC,
KOOHIJI GROUP, GULF HORIZON
INTERNATIONAL TRADING LLC, AL
AQILI FURNISHINGS, and AL AQILI
FUTURE TECHNOLOGIES LLC.

                 Defendants

**ECF CASE**

**08 Civ. 5614 (JSR)**

**DECLARATION OF MOHAMED SAEED
MOHAMED IN SUPPORT OF MOTION
TO VACATE MARITIME ATTACHMENT**

---

MOHAMED SAEED MOHAMED hereby declares the following pursuant to 28 U.S.C.§ 1746.

1.     I am the Manager of Al Aqili Group of Companies, LLC, which comprises of Al Aqili Trading, Al Aqili Distribution, Gulf Centre for Soap and Chemical Industries, Koohiji Group, Gulf Horizon International Trading LLC, Al Aqili Furnishings and Al Aqili Future Technologies LLC (hereinafter "Al Aqili"). Al Aqili is a United Arab Emirates ("U.A.E.") corporation and maintains its place of business at 10th Floor, Oud Mehta Towers, Oud Mehta Area, Dubai, UAE. Al Aqili has been in business for the last 25 years trading in the Middle East region and is a leading distributor in fast moving consumer goods, personal care products, petro-chemicals, industrial equipments spares and spares and general trading. A copy of a page from Al Aqili's website listing its companies is annexed hereto as **Exhibit 1**.

2.      I submit this declaration in support of Al Aqili's Motion to vacate the Order of Maritime

Attachment issued in this case.   The attachment order against Al Aqili's property was issued on

the basis of the false allegation by Plaintiff, Vrita Marine Co. Ltd. that Al Aqili is the "alter ego"

or "controlled and managed" another defendant, Seagulf Trading LLC ("Seagulf") against whom

Plaintiff has a dispute.  The relationship between Al Aqili and Sea Gulf is discussed in detail

below. Pursuant to the Order of Maritime Attachment, Plaintiff has wrongfully attached Al

Aqili's property in the amount of $.245,022.50 at various New York banks.

3.      On or about 1st August 1995, Mr. Bikramdev Kumar Das, an Indian national approached

Al Aqili to invest as a partner in a company which would be involved in the trading and

chartering of ships and boats.  Al Aqili agreed to invest 80% of the initial capital outlay in the

business of Dirhams 300,000 or about $82,000 while Mr. Das would invest the remaining 20%.

Accordingly, on 22nd November 1995 Seagulf was incorporated as a limited liability company in

the U.A.E. in the Emirate of Dubai. A true and correct copy of the Memorandum of Association

("MOA") of Seagulf executed between Al Aqili, as First Partner and Mr. Das, as Second Partner

dated 9th November 1995 is annexed hereto as Exhibit 2.  According to the MOA, Al Aqili held

240 shares equivalent to Dirhams 240,000 representing 80% of the paid up capital while Mr. Das

held 60 shares equivalent to Dirhams 60,000 or 20% of the capital. Ex. 2, Clause 6. The MOA

also provided that the partners appoint Mr. Das to be the Manager of Seagulf who would

"manage the company's affairs and undertake all works related to its objects". Ex. 2, Clause 12.

4.      From 22nd November 1995 through March 30, 1999 Seagulf operated from its offices at

Garhoud, Dubai Mr. Das managed the day to day affairs of Seagulf, which remained totally

independent from the Al Aqili companies.  In 1995, the partners of Seagulf decided to liquidate

and dissolve the company.  The Company was dissolved as per Clause 19 of the Memorandum

2

& Articles of Association when the losses of the company exceeded over 50% of the capital of the Company by mutual consent between the Partners. On or about March 29, 1999, the partners of Seagulf held an extraordinary general meeting wherein it was resolved to "dissolve" and amicably liquidate the company at the closing date of March 29, 1999. A true and correct copy of the minutes of the meetings of the partners of Seagulf held on 30th March 1999, which is duly authenticated by the Notary Public of the Government of Dubai, Courts Department is annexed hereto as **Exhibit 3**. Following the liquidation of Seagulf, Al Aqili had no further business relationship or contract with Mr. Das.

5.      Apart from the fact that Al Aqili had an 80% partnership share in Seagulf, the two companies were totally independent of each other with their own independent board of directors and personnel. At no time during Seagulf's existence between 1995 to 1999 did Al Aqili disregard Seagulf's corporate form or conducted Seagulf's business in its own name as alleged by the Plaintiff. Al Aqili and Seagulf maintained separate offices, separate telephone numbers and any dealings between the two companies were conducted at arms-length. Furthermore, each company maintained a separate bank account with no intermingling of funds and each corporation was treated as independent profit center. (As per clause 16 of the MOA, the net profit of Seagulf after a 10% reduction to build the company reserves was to be distributed between Al Aqili and Mr. Das in the proportion of their respective shares of 80:20.) Plaintiff also makes the false allegation that Al Aqili utilizes Seagulf to transfer funds to and from the Southern District of New York.

5.      Al Aqili cannot be liable to Plaintiff as there is no basis to the allegation that Al Aqili carried on the business of Seagulf or vice versa. The funds which Plaintiff has attached are the funds of Al Aqili and not Seagulf as that company ceased doing business and was dissolved in

3

1999. More importantly, Al Aqili is not a signatory to the Memorandum of Agreement and contract for the purchase of the vessel, VRITA N as referenced in Plaintiff's Verified Complaint, or does it have any involvement whatsoever with this contract.

6.     Accordingly, I respectfully request that the Verified Complaint and the Order of Maritime Attachment be dismissed and the funds remitted by Al Aqili be ordered to be released.

7.     I declare under the penalties of perjury under the laws of the United States of America that the above is true and correct.

Executed at Dubai on July 10, 2008

MOHAMED SAEED MOHAMED

4

# EXHIBIT 1



**RELENTLESS QUEST FOR GROWTH**
**GULF WIDE**

SEARCH :

JHO UE ARE:   OUR COMPANIES   REGIONAL PRESENCE   INDUSTRY ALLIANCES   CORPORATE RESPONSIBILITY

Home ○

## Our Companies

☐ Al Aqili Trading

☐ Al Aqili Distribution

☐ Gulf Centre for Soap and Chemical Industries

☐ Koohiji Group

☐ Gulf Horizon International Trading L.L.C.

☐ Al Aqili Furnishings

☐ Al Aqili Future Technologies LLC





○ Al Aqili Trading

🖶 Print Page    ✉ Email Page

Al Aqili Trading is the flagship Company of Al Aqili Group of Companies which is among the top 100 companies of the United Arab Emirates. Al Aqili Trading was registered in 1976 as an establishment and the same was converted into a Limited Liability Company in 1997 following a 25 year tradition of trading in the Middle East region.

Aqili is effectively a family-owned business, it pulls on a multi-cultural, international resource base that has enabled the Group to diversify from pure cigarette trading into leading distributors in FMCG & Personal Care products, pertro-chemicals and industrial equipment & spares and general trading.

Aqili's association with large reputable multinational companies is of paramount importance and we are constantly seeking to develop existing arrangements and source new business ventures.

Notable success has been achieved in this area with Aqili's policy of partnership and long term strategic vision complimented with sensible investment proposals. The Group currently represents some of the most renowned household names such as Unilever, B.A.T., Jergens and others

The diversity of the Al Aqili Group allows Al Aqili Trading to draw on immense resources covering all business disciplines including manufacturing, marketing, distribution, public relations and IT solutions. External consultants are utilised for specialist projects, if required.

Page Last Updated : April 9, 2008

# EXHIBIT 2



| Memorandum of Association of |
| --- |
| "SEA GULF TRADING" |
| A limited Liability Company |
| Capital DHS. 3,00,000 |

## PREAMBLE

The undersigned have agreed to form a United Arab Emirates Company with limited liability in the Emirate of Dubai.

This company shall be governed by the companies law No. 8 for the year 1984 and its amendments and this memorandum

## CLAUSE 1 :

### NAME & NUMBER OF PARTNERS

The company consists of the following two partners:-

### FIRST PARTNER

| Al Aqilli Group Of Companies ( L.L.C) | |
| --- | --- |
| Nationality | U.A.E. |
| Duly represented by its Manager Mr. MOHAMED SAEED MOHAMED | |
| Address | P.O.BOX 1496. DXB |

عقـــد تأسيـــس
بحر الخليج للتجارة
شركة ذات مسؤولية محدودة
رأسمالها ٣,٠٠٠,٠٠٠ درهم

## مقـــدمه:

إتفق الموقعون أدناه فيما بينهم على تأسيس شركة ذات مسؤولية محـــــــدودة في إمارة دبـــي من جنسية الإمارات العربية المتحدة.

تكـــــــون خاضعـة لأحكـام قـــانون الشـركات التجاريــة رقـم ٨ لعــام ١٩٨٤ ولتعديلاتـــه ولشــــــروط هـذا النظـام الأساسي.

## المادة ١ :

### أسماء الشركاء وعددهم

تتـــــألف الشركـــة مــــن الشـــريكين الآتـي اسمائهما :

### الشريك الأول

| مجموعة العقيلي (ش.ذ.م.م) | |
| --- | --- |
| | إمارات |
| يمثلها أصولا مديرها السيد/ محمد سعيد محمد | |
| | ص.ب ١٤٩٦ دبي |

**(2)**

| SECOND PARTNER | | الشريك الثاني | |
|---|---|---|---|
| **BIKRAMDEB KUMAR DAS** | | بيكرم ديب كومار داس | |
| *Nationality* | INDIAN | هندي | الجنسية |
| *Date of birth* | 1952 | ١٩٥٢ | تاريخ الميلاد |
| *Passport No* | Q 618849 | كيو ٦١٨٨٤٩ | رقم جواز السفر |
| *Residence* | DUBAI | دبي | محل الاقامة |
| *Address* | P.O.BOX 27539-DXB | ص.ب ٢٧٥٣٩ دبي | العنوان |

## CLAUSE 2 :

### NAME OF THE COMPANY

The name of company is *"SEA GULF TRADING"* (a limited liability company) the said name shall be used on all company's letterheads and correspondence with the term " Limited Liability company " stating its capital .

## CLAUSE 3 :

### OBJECTS OF THE COMPANY

The objects of the company are " Ship & Boats trading and Ship & Boats spare parts & requisites trading as well as charter Ships & Boats ".

The Company shall not carry on any works or activities relating to insurance , banking and investment of funds for the account of third parties .

المــادة ٢ :

اسم الشركه

اسم الشركــه هــو "بحر الخليـج للتجارة" شركه ذات مسؤوليــة محدودة ويستعمـــل هــذا الاسـم علــىكافــة أوراق الشركــه ومراســلاتها مــع ذكـر "شــركه ذات مســـؤوليه محـدوده . وبيــان مقــدار رأسمالها

المــادة ٣ :

أغراض الشركه

الأغراض الرئيسيه التي أسست الشركه من أجلها هي " تجارة السفن والقوارب وتجارة قطع غيار السفن والقوارب ولوازمها وكذلك إستئجار وتأجير السفن والقوارب" .

لايجــــوز للشــركــه أن تمارس أعمال التــأميــن أو المصــارف أو استثــمار الأموال لحساب الغير .

D.A/GNR/LA/QMNT/RSH

## CLAUSE 4 :

### HEAD OFFICE OF THE COMPANY

The head office and legal residence of the company shall be based in the Emirate of Dubai. The company may establish branches or offices or agencies within the UAE and abroad .

## CLAUSE 5 :

### DURATION OF THE COMPANY

The period of the company is ten years and shall begin as from the date of its registration in the Commercial Register. This period may be extended or reduced by a decision issued by the partners General Assembly if the objects of the company required the same .

## CLAUSE 6 :

### CAPITAL OF THE COMPANY

1)  The capital of the company shall be Dhs. 3,00,000 (Dirhams Three Hundred Thousand) devided into 300 equal shares each having a nominal value of Dhs. 1000 (One Thousand).

المـــادة ٤ :

مركز الشـــركه

مــركـــز الشـــــركه الرئيســـي ومحلهـــا القـــانوني فـــى امـــارة دبـــى . ويـــــجوز للشـــــركه ان تنشـــــــأ لهـا فروعـا أو مكـــاتب أو توكيلات داخـــــل الدوله وخارجها .

المـــادة ٥ :

مـــدة الشـــركه

مـــدة الشـركـــة (١٠) سنـــــة عشر سنوات ميـــــلاديه تبـــدأ مـــن تــاريخ قيـــــدها فـــــى الســـجل التجـــــــاري ويجـــــــوز بقـــرار مـــــن الجمعيــــــه العموميـــه للشـــــركاء اطالـــة او تقصيـــر هذه المـــــده اذا اقتضى غـــرض الشـــركه ذلك .

المـــادة ٦ :

رأسمال الشـــركه

١) حدد رأســـمال الشـــــــركه بمبـــلـــغ ٣٠٠,٠٠٠ درهـــــم ( ثلاثمائـــة ألـــــف درهـــم ) مـــوزع علـــى ٣٠٠ (ثلاثمائـة) حصــــه متساويـــه قيـــمــة كل منتهـا ١٠٠٠ درهـــم ( ألـــف درهم ) .

D.AKINRLAGMNT/RSH

2)  The shares of the capital of the company shall be distributed between the Two partners as follows :-

٢ ) الحـــــصص المكونـــــــه لرأس الــــمال وزعــــت فيـــما بيـــــن الشـــــريكين علـــــــى النحـو التالي :-

**First Partner:**

Number of shares:  240

Equal to Dhs.:        240,000

Representing 80% of the capital.

الشريك الأول:

عدد الحصص : ٢٤٠

بمبلغ:    ٢٤٠٠٠٠ درهم

مقدار ماتمثله من رأسمال: ٨٠%

**Second Party:**

Number of shares:  60

Equal to Dhs.:        60,000

Representing 20% of the capital.

الشريك الثاني:

عدد الحصص : ٦٠

بمبلغ:    ٦٠٠٠٠ درهم

مقدار ماتمثله من رأسمال: ٢٠%

The Two partners acknowledge that the shares have been fully paid in cash and deposited into the Bank in the name and for the account of the Company as per the enclosed deposit certificate.

يـــقـــــــر الشـــــريكين بـــــــان الحصــــــص جميعـــــها نقديـــة ودفعــــــــت بالكمـــــــل وأودعــــــــت فـي البنــك بإســـــم ولحســاب الشـركة طبقا لشـــهادة الإيــــــداع المرفقة.

The Company Manager shall not withdraw the said funds from the Bank before the registration of the Company in the Commercial register.

لايجـــــــوز لمديــر الشركـــــــة ســـحب المـــــــبالغ المودعـة فـي المصـرف قبل تســـــــجيل الـــــــشركة فـي السجل التجاري.

(5)

## CLAUSE 7 :

### INCREASE OF CAPITAL

A=   The capital may be increased one or more times by a decision of the assembly of partners .

B=   When the amount of increase is paid by the partners in cash, the amounts shall be deposited with a bank and the company manager(s) may not utilize them except after the full amount of the increase is paid and the decision authorizing the increase is registered with the commercial register .

C=   The capital may be increased fully or partially by kind contribution . The said increase shall be registered in the commercial register after being duly evaluated according to the legal procedures .

## CLAUSE 8 :

### DECREASE OF CAPITAL

Subject to the prior approval of the concerned authorities and without prejudicing the ratio of the partners

المـــاده ٧ :

زيادة رأس المال

أ – يجــوز زيـادة رأس المـــال مـره واحــــده أو أكــثر بقرار مــن جمعيـه الشركاء .

ب – فــــي حـال زيــــادة رأس المـال بطريق اكتتـــــــاب الشركاء بحصص نقديه يجب ايــــداع مبـالغ الاكتتابات فـــي احـد المصـارف ولايجـــوز لمـــــدير الشـــــركه ســـحبها الا بعـــد تحــــريـر كامل الحصص وتسجيل قـــــــرار زيـادة رأس المـال فـــي السـجل التجاري .

ج – يجـــوز زيـــــادة رأس المـال كليــا أو جزئيــــا بمقــــــدمات عنيـــــيه وتسجـــــل تلك الزيــــاده فـــي السـجل التجـــاري بعد تقييم الحصص أصـــولا وفق الاجراءات القانونيه.

المـــاده ٨:

انقاص رأس المال

يجـــوز انقـاص رأس المـال دون أي مسـاس فـي نســــبة حصص الشــركاء فـــي رأس المــال بعـد

(6)

shares in the capital , the capital may be decreased if found that the value of the shares has decreased as a result of substantial losses incurred by the company provided that the capital shall not be decreased under the limit fixed by the law .

## CLAUSE 9 :

The partners assembly may unanimously approve to increase or decrease the capital by a majority representing at least 75% of the share capital provided that the decision to decrease the capital of the company shall not be effective unless so approved by the concerned authority .

## CLAUSE 10 :

### RIGHTS AND OBLIGATIONS OF THE PARTNERS

The partner's liability towards the company's obligations shall be limited to the value of their shares . The partner shall not be liable for any amount exceeding the value of his share capital.

## CLAUSE 11 :

### RELINQUISHMENT OF SHARES

الحصـــــول على الموافقه الخطيـه للسلطه المختصـه فيمـــا اذا تبيـن أن قيمــــــة الحصـــص قــد نقصـت نتيجـــــــة أية خسائر هامـه قـد تكبدتهـــــــا الشركه شـرط ان لاينخفـــــــض رأس المال عن الحد المقرر بموجب القانون .

## المــاده ٩ :

لايجـــــــوز زيـــــادة رأس المـــال أو تخفيضــــه الا بموافقة عــدد من الشركاء يمثلـــــــون ثـــــلاثة أربــاع ٧٥ % مـــــــن رأس المال بموجب قــــــرار تتخـــــــذه جمـــــــعية الشركاء بالأكثريـة المحـدده المـــــــذكوره عـــلـــــى ان لايسري قرار للتخفيض الا بعد موافقة السلطه المختصه .

## المـاده ١٠ :

### حقوق الشركاء وموجبيتهم

ان مسؤوليـــــــة الشـــــــركاء عـــــن التزامـــــات الشـــركه تحـــدد بمقـــــــدار حصصهــــم فـــي الشـــركه ولايمكـــن مطالبة أي شريك بمايزيد عـــن هذه القيمه .

## المـاده ١١ :

### التنازل عن الحصص

D.A/GNR/LAGMNT/RSH

1) The shares in the company may be relinquished to other partners or third parties provided that at all times the share of U.A.E nationals shall not be less than 51% of the total share .

ٱ )  يجوز التفرغ عن الحصص في الشركة للشركاء او للغير شرط أن لاتنقص حصص مواطني دولة الامارات في أي وقت عن ٥١ ٪ من مجموع الحصص .

2) The relinquishment shall be established by authentic instrument and the partners in their first general assembly will agree about the form of the said instrument and its contents . However , the same shall not be enforceable towards third parties until it is registered in the partnership record and the Commercial Register.

٢ )  يثبت التفرغ بمقتضى محرر رسمي ويتفق الشركاء في أول جمعيه عموميه للشركه على الشكل الذي يجب ان يكون عليه المحرر والبيانات التي يجب ان ترد فيه ، الا أنه لايحتج به تجاه للغير الا من تاريخ قيده في سجل الشركاء وفي السجل التجاري .

3) When one of the partners decides to relinquish his shares to a non-partner person whether for money or free, he shall first inform the rest of the partners, via the company's managers of the relinquishment conditions. The manager shall inform the partners immediately after receipt of notice and each partner may offer to redeem the

٣ )  اذا اعتزم أحد الشركاء التنازل عن حصصه في الشركه لشخص من غير الشركاء بعوض أو من غير عوض ، وجب عليه ان يخطر باقي الشركاء عن طريق مدير الشركه بشروط التنازل وعلى المدير أن يخطر الشركاء بمجرد وصول الاخطار اليه ، ويجوز لكل شريك ان

**(8)**

share at the agreed price. In case of discord over the price the company's auditor shall evaluate the price at the redemption date taking into consideration the outcome of the profits or losses of the company for the past three years or from the date of its establishment in the event of being established less then three years. However, if thirty days elapse from the date of the relinquishment notice, without any partner using the redemption right, the partner shall be free to transfer his share.

4) If the redemption right is used by more than one partner the sold share or shares shall be divided among them in proportion to their share in the capital . When the shares available cannot be divided exactly in this manner any surplus portion of shares shall be available to the partner owning the largest number of shares in the company .

يطلـــــب استرداد الحصه بالثمن الذي يتفق عليـــــه , وفي حالة الاختلاف على الثمن يقـــدر مراجـــع حسابات الشـــركة هـــــذا الثمن في تاريخ الاسترداد آخـذا فــي عيـــــن الاعتبار نتـــائج اربـــاح او خســـائر الشـــــركه عن الثـلاث سنوات الماضيه او منـــــذ تاريخ تأسيسها فـــي حالة عدم انقضاء ثـــلاث سنوات على تأسيســـها , فـــــاذا انقضــــى ثلاثون يومــا من تـــــاريخ الاخطـــار دون أن يستعمـل احـــد الشـــركاء حـق الاسترداد كـــان الشريك حرا في التصرف في حصته .

٤ ) اذا استعمـــــل حـــــق الاستـــــرداد اكـــثر مـــن شـــريك قسمـــت الحصص او الحصه المبيعـــــه بينهم بنسبـــــة حصـــــة كل منهم فــــي رأس المال , واعتنما يكون عـــــدد الحصـــص بموضـوع الاسترداد غيــر قابـل للقسمه تماما كما سلف فـــان أي قسم من الحصه الزائده كنـاتج للقسمـه يعرض على الشريـك الذي يحوز أكبر عدد من حصص الشركه .

## CLAUSE 12

### MANAGEMENT OF THE COMPANY

The partners appointed Mr. Bikramdeb Kumar Das to be the Manager of the company. He shall have the full necessary powers to manage the company's affairs and undertakes all works related to its objects and the powers of the manager shall be defined and determined by a decision issued from the partners general assembly of the company. The acts of the manager are binding to the company while acting in such capacity.

## CLAUSE 13:

### PARTNERS GENERAL ASSEMBLY

1) The Company shall have a general assembly consisting of all partners and shall convene at least once a year in Emirate of Dubai or any other place which may be agreed by the Partners when called by the Manager during the four months following the end of the financial year. The assembly shall convene if such request is addressed to the Manager by the

المـاده ١٢ :

الادارة الشـركه

عيـن الشـركاء الشريك / بيكـرام ديـب كومـار داس مديـرا للـشــركة وتكـون لمديـــر الشـركة جميـــع الســلطات اللازمــة لإدارة الشـركة والقيام بجميـع الأعمـال التـــي يقتضيـها غرضهـا وســـوف يتـم تحديـد صلاحيات المدير بموجـــب قـرار يصـدر عـن الجمعيـة العموميـــة للشـركة . وتعتبـر تصرفاتـه ملزمـة للشـركة بشـرط أن تكــون مشـفوعة ببيـان الصفـة التي يتعامل بها.

المادة ١٣:

جمعية الشركاء

١) للشـركاء جمعيــة عمومية تتكـون مـن جميـع الشركـــاء وتنعقد الجمعية العمومية فـــي إمـارة دبـــي أو فـي أي مكـان آخـر يتفـق عليـه الـشـركـــاء بـدعـوة مـن المديـر مـرة على الأقل في السنة خـلال الأربعة أشهر التاليـة لنهايـة السنة المالية وكذلـك يـدعو المديـر الجمعيـــة العموميــة للإنعقـــاد إذا طلـب ذلـك

supervisory board if any or a number of partners being owners of at least quarter of the capital.

مجلــــس الرقابـــة فــي حـــال وجوده أو عدد مـــــن الشـــركاء يمــــلكون مــــــالايقل عـن ربع رأس المـــال.

2) The convocations shall be sent by registered post with advice of delivery at least Twenty One days before the meeting date. The said convocations shall mention the place and date of such meeting and the agenda of the meeting to be attached to the same. However, a partner may waive his right to such notice.

٢) تــــوجه الدعــــــوات بموجــب كتـــب مسجلـــــة بعلـــــم الوصـــــول ترســـل إلـى كـل شريــك قبــــل موعــــد إنعقــاد الجمعيـة بواحد وعشرين يومــا علـــــى الأقـــل مرفقا بهـا جـــدول الأعمال ومكان الإجتــماع وزمانـــه ويحق لأي شريـــك للتنازل عـــن حقه بالتبليغ.

3) Each Partner shall have a number of votes equal to the number of shares he owns or represents. A Partner may by proxy delegate another partner other than a Manager to represent him at the general assembly.

٣) لكل شريك أن يشترك فــــي إجتمـاع الجمعيـة العموميـة بعـدد مــــن الأصـوات يعـادل عـدد الحصـص التـي يملكــــها أو يمثلـــها وله أن ينيب عنـه بتفويـــض خـــاص شريكا آخـر مـن غـير المديريـن لتمثـيله فـي الجمعيـة العموميـة.

4) The Partners assembly resolutions shall be adopted by a majority representing at least 51% of the share Capital. When the required majority is not

٤) تتــــخذ القرارات في جمعيـة الشـــركاء بموافقــــة عــــدد مـن الشـركاء يمثلـون ٥١% مـــن رأس المال على الأقل . فإذا لم تتوفر هذه الأغلبيـــة فـــي

present at the first meeting, the partners assembly shall be invited to a second meeting within the 21 days following the first meeting and the resolutions in this meeting shall be made by a majority of represented votes.

الإجتماع الأول وجب دعوة الشركاء لإجتماع ثان يعقد خلال الواحد والعشرين يوما التالية للإجتماع الأول وتصدر القرارات في هذا الإجتماع بأغلبية الأصوات الممثلة فيه.

5) The agenda for the general assembly annual meeting shall include the following:

٥) يجب أن يشتمل جدول أعمال الجمعية العمومية في إجتماعها السنوي على المسائل الآتية:

A= Hearing the report of the manager(s) of the company's activities and its financial position for the year, the report of the supervisory board if any and that of the auditor.

أ- سماع تقرير المدير أو المديرين عن نشاط الشركة ومركزها المالي خلال السنة وتقرير مجلس الرقابة ، إن وجد وتقرير مراجع الحسابات.

B= Discussing and endorsing the balance sheet and the profit and loss account.

ب- مناقشة الميزانية وحساب الأرباح والخسائر والتصديق عليهما.

C= Determining the portion of the profits which is to be distributed to the partners.

ج- تحديد حصص الأرباح التي توزع على الشركاء.

D= Appointing the manager (s)or the members of the supervisory

د- تعيين المدير (ين) أو أعضاء مجلس

D.AKGNRLAGMNT/R/SH

board and fixing their remunerations.

اللـــــــــــــــــرقابة
وتحديـــــــــد مكافآتهم.

E= Any other matter under the assembly's jurisdiction as specified by the provisions of the law or by this memorandum.

هـ– المســـائل الأخــرى التـــي تدخـل
فـــــي إختصــــــــاصها
بمــــــوجب أحـكام القانون أو هذا
العقد.

F= The manager(s) may not participate in voting on resolutions relating to the discharge of his or their responsibility for the management.

و– لايجـــــــوز للمــــــدير أو
المديرين الإشـــــــتراك فـــي
التـــصويـــــت علـــــــى
القــــرارات الخاصـة بإبـــراء ذمتهـم
مــــــن المسؤوليــــــة عـن
الإدارة.

G= The minutes of the general assembly's meeting shall contain an adequate summary of the assembly's deliberation. They together with the general assembly's resolutions, shall be entered in a special record which is to be kept at the company's head office, and all the partners shall have personal access or through a delegate to the balance sheet, the profit and loss account and the annual report.

ز– يـــــحرر محضـــــر بخلاصـة
وافية لمناقشة الجمعيــــــة العمومية ،
وتـــدون المحــــاضر وقـــــرارات
الجمعيــة العموميـــة فـي ســـجل
خــــــاص ويوقع على المحضـر
الأعضـاء الحـــاضرين ويـــودع بمقـر
الشركــــــــــة ويكــون لأي مـن
الشركاء الحق بالإطلاع عليها بنفســـــه
أو بوكيــــل عنـــــه ، كمــــــا
يكـــــــــون لـــه الحــــق
بـــالإطلاع علـــى الميزانيـــة
وحســـــاب الأربـــاح
والخســـائر والتقـــــرير
السنوي.

D A/GNRLAGMNT/RSH

## CLAUSE 14:

### FINANCIAL YEAR OF THE COMPANY

The financial year of the company commences on the first of January and end on the 31st. of December of each year except for the first financial year which shall begin at the time of registration in the commercial register until the 31st. of December of the same year.

## CLAUSE 15:

### PARTNERSHIP RECORD

1) A special partners record shall be maintained in the head office and shall include the Name, Nationality, residence and Profession of each partner the number of shares held by each one of them, all actions involving the shares and their dates. The Manager shall be responsible of this register and the authenticity of its entries. Any partner or any concerned party may have access to such register.

2) The manager of the company shall in the month of January of

---

المادة ١٤ :

سنة الشركة المالية

تبــــدأ سنة الشــــركــــة المالية في أول يناير وتنتهــــــي في ٣١ ديسمبر مــــن كــــل سنة فيما عدا السنة المالية الأولــــى التي تبدأ مــــن تاريخ القــــيد فـــي الســــجل التجـاري وحتـى ٣١ ديسـمبر مـــن السنة نفسها.

المادة ١٥ :

سجل الشركاء

١) يـعد فــي مــركز الشركة الرئيسي سجل خاص للشــــركاء يتضمـــن أسـمائهم وجنسـياتهم ومحــــل إقامتهم ومهنهم وعــــدد الحصـص التـي يملكهـا كــل منهــم والتصرفـات التـي تجـرى علـى الحصـص وبيان تاريخها . ويكــــون المديــــر مســـؤولا عن هــــذا الســجل وصحـة قيــــوده ويجـوز لكــل شريك أو كل ذي شــأن الإطـلاع علـى هذا السجل.

٢) يجــــب علـــى مـدير الشـركة أن يرسل إلــــى كـل

each year send the statements entered in the register mentioned above and the alteration made thereto to the ministry and the competent authority.

## CLAUSE 16:

### *DISTRIBUTION OF PROFITS & LOSSES*

1)  The net profits are the outcome of the company's total revenues after deducting all expenses, financial liabilities and depreciations.

2)  The net profits shall be reduced by the following:

A=  10% to build the company reserves until it is equal to 50% of the share capital.

B=  Any amount which may be decided by the partners Assembly to establish special reserves or increase the company capital.

3)  The net profits shall be distributed between the the First and Second partner in the

المــــــــن الــــــــوزارة والسـلطة المختصة فـــــي شـــــهر يناير مـــــن كـل سـنة البيانــات الثابتــة فـــي السجل المشار إليه أعـلاه والتغيــــــــرات التـي طرأت عليه.

## المادة ١٦ :

### الأربـــــــــاح والخســـــــــائر

١)  تعتبر أرباحا صافية مايترصد من إيرادات الشركة بعد حسم كافة مصــــــاريف الشـــــــركة وأعبائهــــا الماليــــة ومايتـــــــــقرر حسـمه علـى سـبيل الإستهلاك.

٢)  يحســـــم مـــــــن الأربـــاح الصافيــة مايلي:

أ-  ١٠٪ (عشرة بالمائة) لتكويــن مـــال إحتياطي لغاية خمسين بالمئـة مـن رأس المال.

ب-  ماتقـــــــــرره جمعيـة الشـركاء لأجـــــــل إنشـــــــاء إحتياطـــــــي خــــاص أو زيـــــادة رأس مـــــال الشركة.

٣)  يـــتم توزيــع صافـــي الأربـــاح بيـــــن الشـــريكيـــــن الأول والثــاني

D.AKONR/LAGMNTR/SH

proportion of shares which each partner holds in the capital.

حسب نسبة مساهمة كل شريك في رأس المال.

4) Each of the partner shall only be liable to the extent of his share in the capital.

٤) لايسـأل الشريـــــــك إلا بقـدر حصتـه فـــــــي رأس مـــــال الشركة.

## CLAUSE 17:

## *AUDITORS*

The company shall have one auditor or more to be selected annually by the partners general assembly.

## المادة ١٧ :

## مراجع الحسابات

يكون للشـــــــركة مراجـع للحسـابات أو أكـثر تختارهم الجمعيـــــــــــة العمومية للشركاء كل عام.

The company's auditor shall be subject to the provisions governing the auditors of the trading companies.

وتكـون لمراجـع الحسـابات الصلاحيـات وعليـه الإلتزامات المنصوص عليها في قانون الشركات التجارية.

## CLAUSE 18:

## *DISPUTES*

In the event of any dispute arising between the partners in relation to the liquidation of the company or related to any of the terms of the said memorandum the same shall be settled amicably. In the event of partners failure to reach such amicable settlement then the Dubai Court will be competent.

## المادة ١٨ :

## النـــــــزاعـــــات

فـــــــي حـــــال نـــــشوب أي خـــــلاف بيـــــن الشــــركاء بشــــــــأن تصفيـــــــة الشـــــــركة أو حول أي بنـــــــد من بنود هـــــذا العـــقد ، فإنـــــه يصـــــار إلـــــى حلــــــــه وديـــــــــا وفي حالة عدم الإتفـاق يكـون الفصل فيه من إختصاص دائرة محـاكم دبي.

D:\VGNR\LAGMNT\R\SH

## CLAUSE 19:

### DISSOLUTION OF THE COMPANY

The company shall be dissolved for any of the following reasons:

1) The expiry of the period of the company unless agreed upon the renewal of the same.

2) Termination of the object for which the company has been established.

3) Merging of the company with another.

4) The unanimous decision of the partners to terminate the duration of the company.

5) In the event of losses exceeding half of the company's capital provided the general assembly issues a decision in this regard by a majority of partners representing 75% of the capital.

## CLAUSE 20:

### LIQUIDATION OF THE COMPANY

The general assembly shall appoint one liquidator or more and the

المادة ١٩ :

حـــــل الشـــركـة

تحـــــــل الـــشـــركة لأحــــد الأسباب التالية :

١) إنتهاء المـــــــدة المحـــــددة للشركة مالـــــــم يتفـق علـى تجديدها.

٢) إنتهاء الغـــــــرض الـــــذي لسـت مـــن لأجلـه الشركة.

٣) إنـــــدماج الشركة فـي شـركة أخرى.

٤) إجـــمـــــاع للشركـــاء علـــى إنهـــــاء مـــدتهـا.

٥) إذا بلغــــت خسائر الشركة نصـف رأس المـــــال شريــــطة ن يصدر قـرار مـــن الجمعية العمومية وبأغلبية الشركاء الحـــائزين علـى ثلاثة أرباع رأس المال.

المادة ٢٠ :

تصفية الشركة

تقـــــوم الجمعـــية العموميـة بتعيـن مصـف أو أكـثر ويتبـع فـي

liquidation provisions stipulated in the Company Law shall be applicable unless otherwise agreed by the partners upon liquidation. In the event the liquidation is persuant to a Court judgment, then the Court shall set forth the liquidation procedures and appoint the liquidator. The powers of the manager shall end upon the appointment of such liquidator.

## CLAUSE 21:

The terms not stipulated in this contract shall be governed by the provisions of trading company law No. 8 for the year 1984 and its amendments as well as its implemented ministerial decrees.

## CLAUSE 22:

## NOTICES

Notices addressed to the partners from the company shall be in the form of registered letter with advice of delivery sent to each partner at the address mentioned at the beginning of this contract and registered in the partnership record.

تصــــــــفية الشركة الأحكام الـواردة فـــــي قانــــــــــون الشــــــركات مالـــــــــــــم يتفق الشركاء على خـلاف ذلك عند حل الشركة وإذا مـــــا كانت التصفيــــــــــــة بنـاء عــــــلى حكـم المحكمــة ، بينــت المحكمـة طريقـــــــــة التصفيــــة وعينــت المـــــــــــصفي وتنتهـــي سلطـــــة المديريــــــــــــن بتعييـــــــن المصفي.

<span dir="rtl">المادة ٢١:</span>

تخضـــع الأمـور الغـــير منصـــــوص عليهـــــا فـــي هـــــــــــذا العقد لأحكام قانــــــــــون الشركات التجاريـة رقـــــــــــم ٨ لســــــــنة ١٩٨٤ ولتعديـــــــــــلاته وكذلـــــــك للقـرارات الوزاريـــــــــة المنفذة لـــه.

<span dir="rtl">المادة ٢٢:</span>

<span dir="rtl">التـــبـــلـــيـغـــات</span>

تكـــــــــــون التبليغات الموجهة مـــــن الشركة إلى الشركاء علـــــــــــى هيئـة خطابـــــــــــات مسجلة بعلم الوصول على عنـــــــــــوان كـــــل شـــــــــــريك والمشار إليـه فـى بدايـــــة هـــــــــــذا العقـد والمدون في سجل الشركاء.

**CLAUSE 23:**

**APPLICABLE TEXT**

This memorandum has been made in both Arabic and English. In the event of any conflict of meaning the Arabic text shall prevail.

**CLAUSE 24:**

**ATTESTATION**

This Memorandum has been signed by the partners this day the of          year 1995 and duly attested by the concerned authorities in the United Arab Emirates.

المادة ٢٣ :

النص المطبق

حـــــرر هذا النظـــــام بـالنصين العربـي والإنكـــــليزي على أن يعتمـــــد ويطبق النص العربي عنـــــد الإختلاف في المعنـى والتفسير.

المادة ٢٤ :

التـــصـــديـــق

وقـــــع هـــــذا النظــــام مـــن قبـل الشركاء فـي هـــذا اليـــوم الموافـق فـي من شهر  ١٩٩٥ وصـــدق أصـــولا من قبـل الجهـــــات المختصـــــة فـــي دولـــــة الإمارات العربية المتحدة.

**FIRST PARTNER:**

**Al Aqilli Group of Companies(L.L.C)**

الشريك الأول

مجموعة العقيلي (ش.ذ.م.م)

**SECOND PARTNER**

**Bikramdeb Kumar Das**

الشريك الثاني

بيكرام ديب كومار داس

D.A/GNR/LAGMNT/R/3H

# EXHIBIT 3



**The Partners Of Sea Gulf Trading L.L.C Held An Extra Ordinary General Meeting To Discuss The Agenda As Follows :-**

1- Liquidation, Dissolution And Appointing A Liquidator For The Company.
2- Other Casual And Different Issues.

All Partners Of The Company Attended The Meeting As Follows :-

1- Al Aqili Group L.L.C – U.A.E National- In Its Capacity As A Partner With An Ownership Of 225 Shares Representing 75% Of The Capital Represented By Mr. Mohamed Saeed Mohamed.
2- Bikramdeb Kumar Das – Indian National- In His Capacity As A Partner With An Ownership Of 75 Shares Representing 25% Of The Capital.

The Attending Partners Represent The Entire Capital Of The Company Consisting From 300 Shares. Therefore, The Legal Quorum Required For This Assembly Is Attendant And Subsequently The Assembly Is Legally Held.

After Thorough Discussions Between Partners Regarding The Agenda, The Following Resolutions Were Adopted :-

## *First Resolution:*

The General Assembly Resolved To Dissolve And Amicably Liquidate The Company At The Closing Date Of 29 March 1999.

## *Second Resolution:*

Resolved To Appoint Mr. Mohammad Vasi Abid Mohsin Vasi From The Office Mohammed Bin Abid Vasi Establishment For Auditors Trade License No. 120987 Address Dubai Airline Centre – Deira – Port Saeed – Tel: 2955051 P O Box: 6070 –

عقد الشركاء في بحر الخليج للتجارة ش.ذ.م.م جمعية عمومية عادية وذلك للبحث في جدول الاعمال التالي :-

١- انحلال الشركة وحلها وتصفيتها وتعيين مصفي لها .

٢- امور اخرى طارئة .

حضر الاجتماع كافة الشركاء في الشركة السادة الاتية اسماؤهم :-
١- مجموعة العقيلي ذ.م.م - امارات الجنسية بصفتها شريكا ومالكا لـ ٢٢٥ حصة تمثل ٧٥ % من رأس مال الشركة يمثلـها السيد / محمد سعيد محمد .
٢- بيكرام ديب كومار داس - هندي الجنسية بصفته شريكا مالكا لـ ٧٥ حصة تمثل ٢٥% من رأس مال الشركة .

ان الشركاء الحاضرين يشكلون كامل رأس مال الشركة المتكون من ثلاثمائة حصة وبالتالي فان النصاب القانوني المطلوب لهذه الجمعية يكون متوفرا والجمعية تكون منعقدة بصورة قانونية .

بعد التداول والمناقشة بين الشركاء بخصوص جدول الاعمال اتخذت الجمعية القرارات التالية :-

**القرار الاول:**
قررت الجمعية العمومية العادية انحلال الخليج للتجارة ش.ذ.م.م وحل وتصفيتها وديا فيما بينهم عند تاريخ القفل في ٢٩ المعدل ١٩٩٩/٣/٢٩ .

**القرار الثاني:**
قررت الجمعية العمومية العادية تعيين السيد / محمد واسي عابد محسن واسي من مكتب مؤسسة محمد بن واسي لتدقيق الحسابات صاحب الرخصة المهنية رقم ١٢٠٩٨٧ عنوانه مكتب ملك مركز دبي للطيران - ديرة بورسعيد هاتف ٢٩٥٥٠٥١

30 MAR 1999
GOVERNMENT OF DUBAI
DEPT. NOTARY PUBLIC

2

As A Liquidator For Sea Gulf Trading L.L.C In Order To Perform Liquidation As Per The Commercial Local Companies Law.

ص.ب : ٦٠٧٠ ـ مصفيا لشركة بحر الخليج للتجارة ش.ذ.م.م وذلك بالقيام باعمال التصفية حسب احكام قانون الشركات التجارية .

### Third Resolution:

The General Assembly Resolved To Authorize And Empower Mr. Mohamed Saeed Mohamed To Follow Up The Procedures Of The Liquidation Of The Company. Therefore, His Signature Is Authorized On Behalf Of The Company And Partners Before All Official Authorities And In Signing Before Ministries, Competent Local, Government And Federal Authorities On All Papers, Applications & Documents Regarding The Liquidation And He Has All Powers Needed To Perform The Resolution Of Liquidation.

There Being No Other Business To Discuss,The Meeting Terminated And Partners Signed On The Minutes And It Was Authenticated By The Notary Public Of Dubai Courts Dept.

القرار الثالث :

قررت الجمعية العمومية العادية تكليف وتفويض الشريك السيد / محمد سعيد محمد متابعة اجراءات حل بحر الخليج للتجارة ش.ذ.م.م وتصفيتها وبالتالي اعتماد توقيعه نيابة عن الشركاء وعن الشركة لدى كافة المراجع الرسمية ولدى الوزارات والهيئات والسلطات الحكومية الاتحادية والمحلية المختصة بدبي وعلى كافة الطلبات و الاوراق والمستندات في كل ما يتعلق بحل الشركة وتصفيتها ومنحه كافة السلطات والصلاحيات اللازمة لتنفيذ قرار الحل والتصفية .

ولما لم يعد من عمل اخر على جدول الاعمال حرر هذا المحضر ووقع اصولا من قبل الشركاء ووثق من قبل الكاتب العدل بدائرة محاكم دبي .

### Partners

*Al Aqili Group L.L.C*

*Bikramdeb Kumar Das*

الشركاء

مجموعة العقيلي ش.ذ.م.م

بيكرام ديب كومار داس

GOVERNMENT OF DUBAI – DUBAI COURTS

حكومة دبي – دائرة المحاكم .

بتاريخ ١٩٩٩/٠٣/٣٠ حضر امامي السيد/ محمد سعيد محمد بصفته المذكورة و بتاريخ ١٩٩٩/٠٤/٠٣ حضر امامي السيد / بكر لم ديب كومار د اس وبعد التعرف عليهم وقعوا على المستند بحضوري حس الاصول
رقم البصلي ٢١٣٨٠
رقم المحو ٦٩٩٩

دائرة المحاكم ـ الكاتب العدل
5
3 0 MAR 1999
GOVERNMENT OF DUBAI
COURTS DEPT. NOTARY PUBLIC

الكاتب العدل