UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VRITA MARINE CO LTD.,

                                                                           08 CV 5614 (JSR)

                             *Plaintiff*,

v.                                                         <u>**AFFIDAVIT FOR**</u>
                                                                   <u>**JUDGMENT BY**</u>
                                                                   <u>**DEFAULT**</u>

SEAGULF TRADING LLC, AL AQILI GROUP, AL
AQILI TRADING, AL AQILI DISTRIBUTION, GULF
CENTRE FOR SOAP AND CHEMICAL INDUSTRIES
LLC, KOOHIJI GROUP, GULF HORIZON INTERNATIONAL
TRADING L.L.C., AL AQILI FURNISHINGS, and AL AQILI
FUTURE TECHNOLOGIES LLC,
                             *Defendant*.
------------------------------------------------------------x

STATE OF NEW YORK    )
                               )    ss.:
COUNTY OF NASSAU   )

    George M. Chalos, being duly sworn, deposes and says:

    1.    I am a member of the Bar of this Court and am a member of CHALOS & CO, P.C., attorneys for plaintiff in the above-entitled action and I am familiar with all the facts and circumstances in this action.

    2.    I make this affidavit pursuant to Rule 55.1 and 55.2(a) of the Civil Rules of the Southern District of New York, in support of Plaintiff's opposition to Defendant's motion to vacate or modify the ex parte Order of Maritime Attachment issued by this Honorable Court on June 23, 2008, and, additionally, in support of Plaintiff's application for the entry of a default judgment against Defendant, SEAGULF TRADING LLC.

    3.    This is an action to enforce a London arbitration award and recover, inter alia, US $511,112.62, plus interest, attorney's fees, costs and expenses, undisputedly owed by the Defendant and its alter egos to Plaintiff.

4. This Court has jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim with the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and with the admiralty and maritime jurisdiction of this Court under 28 U.S.C. §1333.

5. This Court also has jurisdiction of the subject matter of this action by virtue of the Federal Arbitration Act, 9 U.S.C. §§1, *et seq.*

6. This action was commenced on or about June 20, 2008 by the filing of the Verified Complaint to obtain Process of Maritime Attachment and Garnishment. (*See* Docket #1). A copy of the Verified Complaint was served on the Defendants, SEAGULF TRADING LLC, AL AQILI GROUP, AL AQILI TRADING, AL AQILI DISTRIBUTION, GULF CENTRE FOR SOAP AND CHEMICAL INDUSTRIES LLC, KOOHIJI GROUP, GULF HORIZON INTERNATIONAL TRADING L.L.C., AL AQILI FURNISHINGS, and AL AQILI FUTURE TECHNOLOGIES LLC, on or about June 30, 2008. (*See* Docket #7). Additionally, proof of service was filed with this Court on July 15, 2008. (*See* Docket #7).

7. Defendants AL AQILI GROUP, AL AQILI TRADING, AL AQILI DISTRIBUTION, GULF CENTRE FOR SOAP AND CHEMICAL INDUSTRIES LLC, KOOHIJI GROUP, GULF HORIZON INTERNATIONAL TRADING L.L.C., AL AQILI FURNISHINGS, and AL AQILI FUTURE TECHNOLOGIES LLC appeared in this action on July 11, 2008, by filing a Notice of Restricted Appearance Pursuant to Supplemental Rule E(8) (*See* Docket #6). These Defendants filed a Motion to Vacate the Maritime Attachment or, alternatively, to modify the Order of Attachment to direct only the attachment of electronic fund transfers originated by Al Aqili Group, not those to which Al Aqili Group is the beneficiary (*See* Docket #13).

8.  Contrary to the argument presented by the Defendants AL AQILI GROUP, AL AQILI TRADING, AL AQILI DISTRIBUTION, GULF CENTRE FOR SOAP AND CHEMICAL INDUSTRIES LLC, KOOHIJI GROUP, GULF HORIZON INTERNATIONAL TRADING L.L.C., AL AQILI FURNISHINGS, and AL AQILI FUTURE TECHNOLOGIES LLC in their motion to vacate, the Plaintiff properly plead in its Verified Complaint that AL AQILI GROUP, AL AQILI TRADING, AL AQILI DISTRIBUTION, GULF CENTRE FOR SOAP AND CHEMICAL INDUSTRIES LLC, KOOHIJI GROUP, GULF HORIZON INTERNATIONAL TRADING L.L.C., AL AQILI FURNISHINGS, and AL AQILI FUTURE TECHNOLOGIES LLC were alter egos of SEAGULF TRADING LLC, pursuant to Supplemental Rules for Certain Admiralty & Maritime Claims, Rule B.

9.  On June 26, 2008, $84,855.98 of funds belonging to Al Aqili Furnishings were attached at JPMorgan Chase Bank, on June 27, 2008, $6,939.50 of funds belonging to Gulf Centre for Soap and Chemical Industries were attached at Deutsche Bank, on June 30, 2008, $14,314.85 of funds belonging to Gulf Centre for Soap and Chemical Industries were attached at Deutsche Bank, on June 30, 2008, $81,850.98 of funds belonging to Al Aqili Distribution were attached at Bank of New York Mellon, on July 1, 2008, $9,714.34 of funds belonging to Al Aqili Furnishings were attached at JPMorgan Chase Bank, on July 1, 2008, $4,252.01 of funds belonging to Gulf Centre for Soap and Chemical Industries were attached at Deutsche Bank, on July 1, 2008, $31,516.00 of funds belonging to Al Aqili Distribution were attached at Citibank N/A, on July 1, 2008, $159,780.80 of funds belonging to Gulf Centre for Soap and Chemical Industries were attached at JPMorgan Chase Bank, on July 1, 2008, $5,5500.00 of funds belonging to Gulf Centre for Soap and Chemical Industries were attached Deutsche Bank, on July 7, 2008, $69,099.14 of funds belonging to Gulf Centre for Soap and Chemical Industries

were attached at Citibank N/A, on July 7, 2008, $42,406.00 of funds belonging to Al Aqili Distribution were attached at Citibank N/A, and on July 10, 2008, $135.57 of funds belonging to Al Aqili Furnishings were attached at Wachovia Bank, National Association.

10. Prompt notice of the attachment and supplemental notice of attachment were given to the defendants on June 30, 2008 and July 11, 2008, respectively by way of Federal Express courier service (*See* Docket #7).

11. Since the time at which the notice of attachment and supplemental notice of attachment were given to all Defendants, the defaulting Defendant, SEAGULF TRADING LLC, has not answered, moved, or otherwise appeared in this action, and the time for SEAGULF TRADING LLC to answer has long expired. To date, there has been no request by SEAGULF TRADING LLC for an extension of time in which to answer, move, or otherwise appear in the present proceeding.

12. The party against whom a default is sought is not an infant, in the military, or an incompetent person.

**WHEREFORE**, the Plaintiff requests that the Defendants' motion to vacate or, alternatively, to modify the ex parte Order of Maritime Attachment issued by this Honorable Court on June 24, 2008 be denied, and Plaintiff requests entry of Default Judgment against Defendant SEAGULF TRADING LLC, and that a judgment of the Court be granted in Plaintiff's favor; that garnishee bank, JPMorgan Chase Bank hereby pay to the order of the Plaintiff US$254,351.12, that garnishee bank, Deutsche Bank hereby pay to the order of the Plaintiff $31,059.36, that garnishee bank Bank of New York Mellon hereby pay to the order of the Plaintiff $81,850.98, that garnishee bank Citibank N/A hereby pay to the order of the

Plaintiff $143,021.014 and that garnishee bank Wachovia Bank, National Association hereby pay to the order of the Plaintiff $135.57, representing the funds belonging to defaulting defendants which were restrained pursuant to the Order for Issuance of Process of Maritime Attachment and Garnishment issued by this Court on June 23, 2008, in partial satisfaction of the Plaintiff's claims; and that Defendants, pay the costs and reasonable attorney's fees associated with this action, all together with post-judgment interest.

Dated: August 1, 2008
       Oyster Bay, New York

                                        Respectfully Submitted,

                                        For Plaintiff,
                                        VRITA MARINE CO LTD.

                                By:     _____
                                        George M. Chalos (GC-8693)
                                        123 South Street
                                        Oyster Bay, New York 11771
                                        Tel: (516) 714-4300
                                        Fax: (866) 702-4577
                                        Email: gmc@chaloslaw.com

Sworn to before me this 1st
day of August, 2008.

_____
Notary Public

LEROY S. CORSA
Notary Public, State of New York
No. 4807155
Qualified in Suffolk County
Certificate Filed in New York County
Commission Expires Sept. 30, 2010