UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
VRITA MARINE CO LTD.,

               *Plaintiff,*                **08 Civ. 5614 (JSR)**

   - against -

SEAGULF TRADING LLC, AL AQILI GROUP, AL
AQILI TRADING, AL AQILI DISTRIBUTION, GULF
CENTRE FOR SOAP AND CHEMICAL INDUSTRIES
LLC, KOOHIJI GROUP, GULF HORIZON INTERNATIONAL
TRADING L.L.C., AL AQILI FURNISHINGS, and AL AQILI
FUTURE TECHNOLOGIES LLC.,

               *Defendants.*
-----------------------------------------------------------X


I, SOTOS SKINITIS, Esq. pursuant to Section 1746 of Title 18 United States Code, hereby declare and say the following under the penalty of perjury:

1.    I am an individual of sound mind and body, and have never been convicted of a crime of moral turpitude.

2.    I am a qualified English Solicitor and principal of Law Office Skinitis.

3.    Law Offices Skinitis has a principal place of business at 99 Akti Miaouli, Piraeus 185 38, Greece and an associated office at Cannongate House, 64 Cannon Street, London EC4N 6AE.

4.    I have been asked to provide an opinion concerning whether a claim arising out of the breach of the Memorandum of Agreement concluded between Vrita Marine Co. Ltd and Seagulf Trading LLC for the demolition sale and delivery of the M/V VRITA N is properly to be considered a maritime or admiralty claim under English law, the previously agreed governing law of the contract.

5.    It is my further understanding that the parties previously submitted their dispute for adjudication by way of an LMAA arbitration proceeding before a single arbitrator, Mr. William Packard, as per Clause 19 of the parties' Memorandum of Agreement.

6.    I understand that Vrita Marine Co. Ltd. has sought and obtained an ex parte order of attachment under Rule B of the Supplemental Rules for Maritime and Admiralty Claims, which is now being challenged by eight (8) of the nine (9) named defendants in the case pending before the Honorable Judge Jed Rakoff (as per the above caption).

7.    I am familiar with the facts and circumstances of this case and make this declaration based upon my personal knowledge, my discussions with my instructing counsel, the documents and materials provided to me and the documents and materials maintained in my files.

8.    The factual matrix evinces that this dispute arises from Seagulf Trading LLC's failure to accept delivery of the M/V VRITA N in accordance with the MOA concluded between themselves and Vrita Marine Co. Ltd.  As such, Seagulf Trading LLC's action or, as in this case, omission amounts to an undisputable breach of the demolition sale and purchase agreement concluded between the parties.

9.    Pursuant to sections 20(1)(a) and 20(2)(a) of the Supreme Court Act 1981 attached hereto as Exhibit "A", the Admiralty Division of the High Court of England and Wales has jurisdiction to hear and determine questions and claims relating to the possession or ownership of a ship, or to the ownership of any share therein.  The jurisdiction of the High Court extends to transfers of title relating to demolition sale and purchase agreements, such as the agreement in the case at issue.

10.    By virtue of the above named statutory provisions, the buyers' breach of the MOA and subsequent dispute arising therefrom is properly to be considered a maritime or admiralty claim under English law and one which is subject to the jurisdiction of the High Court.

11.    Moreover, and as a matter of course, the fact that the parties agreed to refer the matter to the London Maritime Arbitrators Association ("LMAA") and the subsequent issuing of an Award in the Plaintiff's favor further supports my view that this dispute is to be considered a maritime claim under English law.  Had the dispute not been considered a maritime claim, this would naturally have been noted by the Tribunal in its Award.

12.    By way of background, I must advise that the LMAA is the world's largest maritime arbitration forum. More maritime disputes are referred to London Arbitration than to any other place where maritime arbitration services are offered.

13.    For further information regarding the determination of admiralty claims by the LMAA, the Court is referred to the LMAA website at www.lmaa.org.uk. The Court will note that one of the LMAA's advertised goals is to provide a fair and impartial forum for the resolution of maritime claims pursuant to the LMAA Terms and the applicable law as agreed between the parties; in this case, English law.

14.    Accordingly, and by virtue of the facts outlined in the preceding paragraphs, it is my firm belief that this matter is tantamount to a maritime claim under English law.

I hereby declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and accurate to the best of my knowledge.

Dated:    Piraeus, Greece
          July 31, 2008

Sotos Skiritis, Esq.

**EXHIBIT A**

GEN - GEN/ITV/2214.1

14        c. 54              *Supreme Court Act 1981*

(*b*) all such other jurisdiction (whether civil or criminal) as was exercisable by it immediately before the commencement of this Act (including jurisdiction conferred on a judge of the High Court by any statutory provision).

(3) Any jurisdiction of the High Court shall be exercised only by a single judge of that court, except in so far as it is—

(*a*) by or by virtue of rules of court or any other statutory provision required to be exercised by a divisional court ; or

(*b*) by rules of court made exercisable by a master, registrar or other officer of the court, or by any other person.

(4) The specific mention elsewhere in this Act of any jurisdiction covered by subsection (2) shall not derogate from the generality of that subsection.

### *Admiralty jurisdiction*

Admiralty jurisdiction of High Court.

**20.**—(1) The Admiralty jurisdiction of the High Court shall be as follows, that is to say—

(*a*) jurisdiction to hear and determine any of the questions and claims mentioned in subsection (2) ;

(*b*) jurisdiction in relation to any of the proceedings mentioned in subsection (3) ;

(*c*) any other Admiralty jurisdiction which it had immediately before the commencement of this Act; and

(*d*) any jurisdiction connected with ships or aircraft which is vested in the High Court apart from this section and is for the time being by rules of court made or coming into force after the commencement of this Act assigned to the Queen's Bench Division and directed by the rules to be exercised by the Admiralty Court.

(2) The questions and claims referred to in subsection (1)(*a*) are—

(*a*) any claim to the possession or ownership of a ship or to the ownership of any share therein ;

(*b*) any question arising between the co-owners of a ship as to possession, employment or earnings of that ship ;

(*c*) any claim in respect of a mortgage of or charge on a ship or any share therein ;

(*d*) any claim for damage received by a ship ;

(*e*) any claim for damage done by a ship ;

(*f*) any claim for loss of life or personal injury sustained in consequence of any defect in a ship or in her apparel