UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VRITA MARINE CO LTD.

                Plaintiff,

  -against-

SEAGULF TRADING LLC, AL AQILI GROUP, AL AQILI TRADING, AL AQILI DISTRIBUTION, GULF CENTRE FOR SOAP AND CHEMICAL INDUSTRIES LLC, KOOHIJI GROUP, GULF HORIZON INTERNATIONAL TRADING LLC, AL AQILI FURNISHINGS, and AL AQILI FUTURE TECHNOLOGIES LLC.

                Defendants

ECF CASE

08 Civ. 5614 (JSR)

**REPLY DECLARATION OF MOHAMED SAEED MOHAMED IN SUPPORT OF MOTION TO VACATE MARITIME ATTACHMENT**

      MOHAMED SAEED MOHAMED hereby declares the following pursuant to 28 U.S.C.§ 1746.

1.     I am the Executive Director of Al Aqili Group LLC, which comprises of Al Aqili Trading, Al Aqili Distribution, Gulf Centre for Soap and Chemical Industries, Koohiji Group, Gulf Horizon International Trading LLC, Al Aqili Furnishings and Al Aqili Future Technologies LLC (hereinafter "Al Aqili").

2.     I submit this Reply declaration to address the erroneous allegation made by Mr. Leontios Hatzimichalis in his Declaration dated July 31, 2008 ("Hatzimichalis Decl.") that "Sea Gulf Trading LLC was controlled and dominated by the Al Aqili Group". Hatzimichalis Decl.¶43.

3.     Mr. Hatzimichalis' declaration consists of entirely conclusory statements that Al Aqili was the alter ego of Sea Gulf. He relies on certain hearsay statements of a ship broker, Mr. George Daskalakis to assert that Sea Gulf was "operated and controlled" by Al Aqili.

Hatzimichalis Decl.¶13. Nothing can be further from the truth. Contrary to Mr. Hatzimichalis' assertion, Mr. Daskalakis was NOT the "local agent" for Al Aqili. Mr. Daskalakis had no authority to bind either Al Aqili or Sea Gulf with respect to the purchase of the vessel nor had he any authority to make any representations or provide any documents about Al Aqili to a prospective seller. If Mr. Daskalakis made any representations about Al Aqili to Mr. Hatzimichalis or provided him with any materials that may have persuaded the Plaintiff to do business with Sea Gulf that was done without Al Aqili's knowledge. In any event, as discussed in my earlier declaration Sea Gulf was an independently owned and managed limited liability company and the Memorandum of Agreement for the sale of the VRITA N was concluded between the Plaintiff and Sea Gulf without any involvement of Al Aqili. In fact, if one is to accept Plaintiff's assertion that the MOA was concluded on the "promises, assurances and representations concerning the [stability of] the Al Aqili Group", one would have expected Plaintiff to obtain a performance or corporate guarantee from Al Aqili. In fact, no guarantee was ever requested or provided by Al Aqili to the Plaintiff in this matter.

4. Mr. Hatzimichalis also asserts that during the course of the meeting he was introduced by Mr. Daskalakis to two men with Arabic names one of whom was identified as the CFO of the Al Aqili group. Hatzimichalis Decl.¶17. In fact, neither in 1998 nor at any time since then has Al Aqili had a CFO with an "Arabic name."

5. As stated in my earlier affidavit, and contrary to the unsubstantiated allegation of Mr. Hatzimichalis that "both cards identified the companies as having the same office address and the Emails for each of the men shared the same domain name" (Hatzimichalis Decl.¶18), Al Aqili and Seagulf maintained separate offices, separate telephone numbers and any dealings between the two companies were conducted at arm's-length. Furthermore, each company

maintained a separate bank account with no intermingling of funds and each corporation was treated as independent profit center. Thus, there is absolutely no merit to Plaintiff's allegation that Al Aqili was the alter ego of Sea Gulf.

7. I declare under the penalties of perjury under the laws of the United States of America that the above is true and correct.

Executed at Dubai on August 5, 2008

_____
MOHAMED SAEED MOHAMED