USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-26-08

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
VRITA MARINE CO. LTD.,              :
                                    :
             Plaintiff,             :        08 Civ. 5614 (JSR)
                                    :
        -v-                         :
                                    :        MEMORANDUM ORDER
SEAGULF TRADING LLC et al.,         :
                                    :
             Defendants.            :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

    In this maritime action, defendants Al Aqili Group, Al Aqili Trading, Al Aqili Distribution, Gulf Centre for Soap and Chemical Industries LLC, Koohiji Group, Gulf Horizon International Trading L.L.C., Al Aqili Furnishings, and Al Aqili Future Technologies LLC move to vacate several attachments of property by plaintiff Vrita Marine Co. Ltd. The Court held oral argument on the motion on August 19, 2008 and subsequently permitted the parties to submit limited supplemental briefing, which will now be docketed. For the reasons set forth below as well as the reasons stated from the bench, see transcript, 8/19/08, the motion to vacate is granted and the complaint is dismissed.

    As the Court stated from the bench, contracts for the sale of a vessel are not maritime in nature. See 1 Thomas J. Schoenbaum, Admiralty and Maritime Law § 3-10, at 138 (4th ed. 2004); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 804 (9th Cir. 2001). The contract at issue here did not have as its "primary objective" either a "maritime service" or a "maritime transaction[]," Norfolk S. Ry. Co. v. Kirby, 543 U.S. 14, 24 (2004) (internal

quotation marks omitted); that a vessel is "involved in the dispute" does not make "the principal objective of [the] contract ... maritime commerce." Williamson v. Recovery Ltd. P'ship, 2008 WL 3876570, *4 (2d Cir. Aug. 22, 2008) (internal quotation marks omitted). Because plaintiff does not assert a maritime claim, this Court has no subject matter jurisdiction and accordingly the attachment must be vacated and the complaint dismissed.

Plaintiff, in its supplemental briefing, argues that the Court should look to the nature of the alleged breach of contract, rather than to the nature of the contract as a whole, to determine whether there is maritime jurisdiction in a particular case, and cites Noble Resources S.A. v. Yugtranzitservis Ltd., No. 08 Civ. 3876 (S.D.N.Y. July 23, 2008) (transcript of oral argument), and Noble Resources S.A. v. Sarl Ouest Import, No. 08 Civ. 3587 (S.D.N.Y. Aug. 12, 2008) (transcript of oral argument), in support of that proposition. Even if the nature of the alleged breach were relevant, Vrita's argument is unavailing on the facts of this case. The breach of contract that Vrita alleges here is that defendant Seagulf Trading LLC failed to take delivery of the vessel at issue. Taking delivery of a vessel is not a maritime obligation and it does not implicate concerns of maritime commerce. It is a simple breach of a sale and purchase contract and does not turn a non-maritime contract into a maritime dispute.

Further, the Court declines to stay the vacatur of the attachments at issue here because, inter alia, there is no dispute as

2

to the controlling law and plaintiff cannot show a risk of irreparable injury in the absence of a stay as all that is at issue here is plaintiff's ability to collect money damages. The Court notes that, should it wish to do so, plaintiff could seek an expedited appeal and a stay from the Second Circuit.

Accordingly, for both the reasons stated from the bench and the reasons set forth above, the attachment is vacated and the complaint dismissed. Clerk to enter judgment.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       August 25, 2008